ORIGINAL

SUBMISSION WITHOUT ORAL ARGUMENT

No. 22-5273

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT Of COLUMBIA CIRCUIT**

———————————

JO SPENCE,

*Plaintiff-Appellant,*

v.

UNITED STATES DEPARTMENT OF VETERANS
AFFAIRS AND DENIS MCDONOUGH, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF THE UNITED STATES
DEPARTMENT OF VETERANS AFFAIRS,

*Defendants-Appellees.*

———————————

On Appeal from the United States District Court
for the District of Columbia, No. 19-1947 (JEB)

---

**BRIEF FOR PLAINTIFF-APPELLANT**

---

Jo Spence, *pro se*
710 Belmont Bay Drive
Woodbridge, VA  22191
jodspence@gmail.com
(571) 288-6092

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), plaintiff-appellant Jo Spence,

hereby certifies as to Parties, Rulings, and Related Cases as follows:

**(a) Parties and *Amici.***

Appellant

The appellant in this matter is Jo Spence, a former attorney with the

U.S. Department of Veterans Affairs.

Appellees

The appellees in this matter are the United States Department of

Veterans Affairs and Denis McDonough, in his official capacity as Secretary of

the United States Department of Veterans Affairs.

There are no intervenors or *amici* in this matter.

**(B) Rulings Under Review**

The ruling under review is the August 12, 2022 Memorandum

Opinion of the U.S. District Court for the District of Columbia in <u>Jo Spence v.</u>

<u>United States Department of Veterans Affairs, *et. al*,</u> No. 19-1947 (JEB).

**(C) Related Cases:**   There are no related cases pending before any court.

i

## TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES…………………………………………………i

RULINGS, AND RELATED CASES……………………………………..…ii

TABLE OF AUTHORITIES……………………………………………………iii

GLOSSARY OF ABBREVIATIONS……………………………………….. vi

INTRODUCTION………………………………………………….…....1

JURISDICTIONAL STATEMENT……………………………………….. 2

ISSUES PRESENTED……………………………………………….……… 2

STATUTORY AND REGULATORY PROVISIONS……..……………….....4

STATEMENT OF THE CASE…………………………………………… 4

STANDARD FOR REVIEW………………………...………………………  6

SUMMARY OF ARGUMENT………………………………………………  6

ARGUMENT……………………………………………………………  9

CONCLUSION……………………………………………….………… 30

CERTIFICATE OF COMPLIANCE………………………………………  31

CERTIFICATE OF SERVICE…………………………………...………… 32

ADDENDUM:
  STATUTES AND REGULATIONS..……………………………………..…i
  TABLE OF CONTENTS……………..……………………………………ii

## TABLE OF AUTHORITIES

**Cases**

*Farrar v. Nelson*, 2 F.4th 986, 988 (D.C. Cir. 2021).....................................................6

*Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012)...........................................6

*McKinley v. Bd. of Gvn'rs of the Fed. Reserve Sys.*, No. 10-5353, 2011 WL
2162896 (D.C. Cir. 2011).........................................................................................6

*Roth v. DOJ*, 642 F.3d 1161 (D.C. Cir. 2011)............................................................6

*Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012)..............................10

*EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)..10

*Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 142 (D.C. Cir. 2015)10,11,12

*Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F.Supp.2d 117, 119
(D.D.C 2011)........................................................................................................10

*Macleod v. Georgetown University Medical Center*, 736 A.2d 974 (D.C. 1989)....11

*Moore v. Agency for Int'l Dev.*, 301 U.S. App. D.C. 327, 329, 994 F.2d 874, 876
(1993).....................................................................................................................11

*Williams v. Chu,* 641 F.Supp.2d 31, 35 (D.D.C. 2009)............................................13

*Cook v. Billingham*, 737 F.3d 767, 772 (D.C. Cir. 2013).........................................13

*Lowe v. Jackson*, 28 F. Supp.3d 63 (D.D.C. 2014)...................................................16

*Smith Property Holdings v. U.S.*, Case No. 01cv0855 (RBW) (D.D.C.2004).........17

*Sanders v. Veneman*, 211 F.Supp.2d 10 (D.D.C. 2002)............................................17

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)..................................................22

*Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995)......................................22

*Baumann v. District of Columbia,* 795 F.3d 209, 215 (D.C. Cir. 2015).................22

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)......22

*Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987)............................22

*Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).................................25

*Van Man v. District of Columbia*, 633 A.2d 1245 (D.C. 1995)...............................26

*Techniarts Video v. 1631 Kalorama Assoc.*, 572 A.2d 1051, 1054 (D.C. 1990).....26

*Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 187 (D.C. Cir. 1985)......................26

*Erickson v. Pardus,* 551 U.S. 89, 94 (2007)...........................................................28

*Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996)....28

Foman v. Davis, 371 U.S. 178, 182 (1962)..............................................................28

**Statutes and Regulations**

*Fed. R. Civ. P. 8*..............................................................................................*3, 9, 28*

Fed. R. Civ. P. 8(a)(2)..............................................................................................23

Fed. R. Civ. P. 8(e)(2)..............................................................................................25

Fed. R. Civ. P. 12(b)(6).........................................................2, 3, 6, 9, 10, 16, 17, 25

Fed. R. Civ. P. 15(a)(2)............................................................................28

Fed. R. Civ. P. 56....................................................................................6

Fed. R. Civ. P. 56(a)...............................................................................22

Fed. R. Evid. 201(c)(2)........................................................................16, 19

5 U.S.C. 706(2)(A)..................................................................................22

5 U.S.C.2302(b)(3)..................................................................................19

5 U.S.C. 2302(b)(4)..................................................................................19

5 U.S.C. 2302(b)(6)..................................................................................19

38 U.S.C. 714(e)......................................................................................21

Title VII of the Civil Rights Act…………………………………………..12

Age Discrimination in Employment Act…………………………………12

Civil Service Reform Act…………………………………………………12

Department of Veterans Affairs Whistleblower Protection Act …………...12, 20

## GLOSSARY OF ABBREVIATIONS

**EEO**       Equal Employment Opportunity

**MSPB**     Merit Systems Protection Board

**OAWP**    Office of Accountability and Whistleblower Protection

**OSC**       Office of Special Counsel

**WPA**      Whistleblower Protection Act

**VA**         Department of Veterans Affairs

## INTRODUCTION

Citing D.C. Circuit case law in its Memorandum Opinion, the district court acknowledged its obligation to construe Spence's Amended Complaint especially liberally due to her *pro se* status, to include consideration of documents attached to her complaint, matters of which the court may take judicial notice, and the facts set forth in Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss and for Summary Judgment. ("Opposition Memo")  Instead of extending these required considerations to its evaluation of the sufficiency of Spence's Amended Complaint in light of the VA's motion to dismiss, the district court erroneously determined that Spence was not entitled to these considerations due to her attorney status and her "flagrant disregard" for the limits imposed by the district court which according to the district court, did not merit its further leniency.

As a *pro se* litigant, Spence was entitled to have the district court construe Spence's Amended Complaint in her favor and grant her the benefit of all inferences that may be derived from the facts alleged not only in her Amended Complaint, but in her Opposition Memo and the exhibits attached to it which Spence requested the district court to take judicial notice of.  Because this case

involves allegations of civil rights violations and defective pleadings, special consideration and greater liberality were warranted.  Instead of providing the required special consideration and treatment with greater liberality, the district court granted the VA's motion to dismiss Counts I - V of Spence's Amended Complaint with prejudice and granted summary judgment for the VA on Count VI.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this timely appeal from a final judgment in the U.S. District Court for the District of Columbia under 28 U.S.C. section 1291.  The District Court exercised jurisdiction over the case under 28 U.S.C. section 1331 (federal question or statute), 5 U.S.C. section 7702 (actions involving discrimination), and 5 U.S. C. section 7703 (mixed cases).

## STATEMENT OF ISSUES

(1)  Whether the district court's refusal to consider Spence's Opposition Memo and take judicial notice of her attached exhibits in its evaluation of the sufficiency of Spence's Amended Complaint under Fed. R. Civ. P. 12(b)(6) was in error;

(2)  Whether the district court's findings that Spence incorporated external documents by reference in her Opposition Memo and violated the 45-page limit on briefs were in error;

(3)  Whether the district court's finding for Counts I and II that Spence's termination was the only adverse employment action she suffered was in error.

(4)  Whether the district court's finding for Count I that Spence did not plead a causal connection between her termination and her EEO complaint was in error;

(5)  Whether the district court's finding for Count II that Spence never specified the dates on which she made whistleblower disclosures between 2017 and 2018 and offered no facts that would support a plausible inference of causation between the disclosures and Spence's termination was in error;

(6) Whether the district court's dismissal of Count III: Hostile Work Environment under Rule 12(b)(6) was in error;[1]

(7) Whether the district court's finding that Spence failed to plead any facts that supported her allegations of wrongdoing under Count IV was in error;

(8) Whether the district court's conclusion that the MSPB's decision on Count V was based on substantial evidence was in error;

(10) Whether the district court's finding that Count VI of Spence's Amended Complaint failed to comply with Fed. R. Civ. P. 8 was in error; and

---

[1]In Spence's Opposition Memo, she conceded that "Plaintiff's work environment fails to meet the 'demanding standards for a hostile work environment claim." App. 177.  Therefore, this brief includes no argument on this issue which is only presented as an issue here because the district court ruled upon it.

3

(11)  Whether the district court's dismissal of Spence's case with prejudice was

an abuse of the district court's discretion.

## STATUTES AND REGULATIONS

The relevant statutory provisions are in the Addendum.

## STATEMENT OF THE CASE

### I. Factual Background

#### A.  Merit Systems Protection Board Appeal ("MSPB")

After 11 years as Senior Attorney for the VA, Spence was removed on

October 30, 2018 for alleged failure to perform.  Spence appealed her removal to

the MSPB which upheld the removal in a decision that became final on May 31,

2019.  App. 1.

#### B.  District Court Proceedings

On June 28, 2019, Spence filed suit against the VA.  App. 51, ECF No. 1.

The VA filed a Motion for Summary Judgment on June 4, 2021.  App. 48, ECF

No. 20.  On July 27, 2021, Spence filed Motion for Leave to File an Amended

Complaint to add Count VI and a 234-page proposed Amended Complaint.  App.

47, ECF No. 22.  Spence's motion was denied without prejudice on July 30, 2021

and the district court imposed a 50-page limit. App. 47, ECF Minute Order. Spence

4

filed a timely second Motion for Leave to File an Amended Complaint on August

31, 2021 and a 148-page Amended Complaint which included the original 98-page

Complaint plus 50 pages for Count VI.  App. 47, ECF No. 23.  Spence's Motion

was denied without prejudice on September 2, 2021 "for violating the Court's

Minute Order of July 30, 2021, which limited her Amended Complaint to 50

pages."  App. 47, ECF Minute Order.  Spence filed a timely third Motion for Leave

to File an Amended Complaint and a 50-page Amended Complaint with three

MSPB submissions attached as exhibits A, B and C intended for background

information on September 16, 2021.  App. 47, ECF No. 24.  Spence's Motion was

granted on October 27, 2021.  App. 46, ECF Minute Order.

On February 2, 2022, the VA filed a Motion to Dismiss for Repeated

Violations of This Court's Order and Rule 8.  App. 52.  Spence filed a

memorandum in opposition on March 23, 2022.  App. 62.  On March 30, 2022, the

district court erroneously concluded that Spence's third proposed Amended

Complaint incorporated by reference a 57-page "Statement of Facts" [Exhibit A]

which rendered her "Third Proposed Amended Complaint 107 pages in length."

App. 82.  On April 12, 2022, Spence filed a timely fourth Motion for Leave to

File an Amended Complaint and a 50-page Amended Complaint  (App. 84)

which was accepted by the court on April 14, 2022.  App. 45, ECF Minute Order.

On May 25, 2022, the VA filed a Motion to Dismiss and for Summary

Judgment.  App. 144.  Spence filed her Opposition Memo on June 29, 2022.  App.

169.  The VA filed a reply on July 12, 2022.  App. 210.  On August 12, 2022, the

district court issued a Memorandum Opinion granting the VA's Motion to Dismiss

with prejudice as to Counts I, II, III, IV, and VI and granting summary judgment

for the VA on Count V.  App. 221.  On October 11, 2022, Spence filed a Notice of

Appeal to the U.S. Court of Appeals for the D.C. Circuit.  App. 247.

## STANDARD OF REVIEW

The District Court's ruling on the VA's motions to dismiss under Fed. R.

Civ. P. 12(b)(6) and for summary judgment under Fed. R. Civ. P. 56 are

reviewed by this Court *de novo*.  *See Farrar v. Nelson*, 2 F.4th 986, 988 (D.C. Cir.

2021), *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012), *McKinley v. Bd. of

Gvn'rs of the Fed. Reserve Sys.*, No. 10-5353, 2011 WL 2162896 (D.C. Cir. 2011),

*Roth v. DOJ*, 642 F.3d 1161 (D.C. Cir. 2011).

## SUMMARY OF ARGUMENT

The district court erred in refusing to consider Spence's Opposition Memo

and take judicial notice of the attached exhibits in its Fed. R. Civ. P. 12(b)(6)

evaluation of Spence's Amended Complaint. Because this case involves alleged pleading defects and numerous allegations of civil rights violations, special consideration and treatment with greater liberality were warranted.

The district court erred in concluding that Spence attempted to incorporate external documents into her Opposition Memo which violated the 45-page limit for briefs. Spence did not attempt to incorporate external documents in her Opposition Memo by reference and did not give the district court direct or explicit notice that she intended to incorporate by reference any portion of the exhibits.

The district court erred in finding that Spence's termination was the only adverse employment action. Spence's termination was not the only adverse employment action. She also suffered a reduction in workload, change in duties, a reduced performance evaluation that led to her termination, denial of a performance award, a three-day suspension, denial of three days pay, diminished prospects for career advancement, and loss of employment privileges.

The district court erred in finding that Spence did not adequately plead a causal connection between her termination and her EEO complaint. Spence did adequately plead a causal connection between her termination and her EEO complaint. The district incorrectly presumed that Spence's last EEO activity

occurred one year prior to her termination when, in fact, it occurred one month prior to her termination.

The district erred in finding that Spence pleaded no facts that supported a plausible inference of causation between her whistleblower disclosures and her termination. Spence did plead such facts. The district court, however, refused to take judicial notice of the exhibit attached to Spence's Opposition Memo which contained the dates and relevant facts needed to make an inference of causation. This failure by the district court was erroneous. As previously stated, this case is a mixed case involving civil rights violations and alleged defective pleadings which warranted special consideration and treatment with greater liberality.

The district court erred in finding that Spence pleaded no facts that supported her Count IV allegations. Spence did plead such facts. The district court incorrectly inferred that she may have meant to argue that discriminatory motives in connection with Count IV. This was not Spence's intent.

The district court erred in concluding that the MSPB's decision that the VA obtained the required approval of the Office of Special Counsel (OSC) before terminating Spence was based on substantial evidence. To the contrary, the record clearly shows the VA terminated Spence without obtaining the OSC's approval.

The district court erred in finding that Count VI of Spence's Amended Complaint was not compliant with Fed. R. Civ. P. 8. Count VI was compliant. The allegations which were not disorganized or convoluted, as claimed contained relevant facts and followed the chronology of MSPB's findings and conclusions.

The district court abused its discretion by dismissing Spence's case with prejudice. After imposing a severe 50-page limit on Spence's Amended Complaint, the district court had no sufficient reason to deny Spence further leave to amend should such leave be necessary. There was no undue delay, bad faith or dilatory motive. There was no willful failure to cure deficiencies by prior amendments. Spence did not incorporate exhibits by reference in her Amended Complaint or in her Opposition Memo. Thus, there were no extreme circumstances that warranted the district court's dismissal of Spence's case with prejudice.

## ARGUMENT

**I.    The district court erred in its refusal to consider Spence's Opposition Memo and attached exhibits in its evaluation of Her Amended Complaint under Fed. R. Civ. P. 12(b)(6).**

For Fed. R. Civ. P. 12(b)(6) motions, the court must construe the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476

9

(D.C. Cir. 2012). "When deciding a Rule 12(b)(6) motion, the court may consider

only the complaint itself, documents attached to the complaint, documents

incorporated by reference in the complaint, and judicially noticeable materials."

*EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

"For *pro se* plaintiffs, a court may also consider the facts set forth in the plaintiff's

opposition to the motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789

F.3d 146, 152 (D.C. Cir. 2015)   The court in *Brown* further stated, "We have

previously held that a district court errs in failing to consider a *pro se* litigant's

complaint 'in light of' all filings, including filings responsive to a motion to

dismiss." *Id.* at 152.

In *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp.

2d 117, 119 (D.D.C. 2011), the court held, "With respect to a motion for failure to

state a claim, it is true that a court may consider 'documents attached as exhibits or

incorporated by reference in the complaint,' or 'documents upon which the

plaintiff's complaint necessarily relies... in addition to allegations in the

complaint." Spence's Amended Complaint relied on facts in exhibits attached to

her Opposition Memo, i.e., Spence's Amended Complaint contained the same

allegations of discrimination set forth in her affidavit. Exh. C, at 157. Instead of

10

considering the facts alleged in "all" of Spence's pleadings, the district court

erroneously concluded that *Brown* was not applicable to Spence. App. 229.

### A. *Brown* **Is Applicable to Spence, A** *Pro Se* **Litigant.**

The district court erred when it determined that *Brown* was not applicable to

Spence and restricted its evaluation to Spence's Amended Complaint, as *Brown*

makes no distinction between *pro se* litigants who are attorneys and those who are

not. App. 229. Further, Spence's case involves numerous claims of civil rights

violations and alleged pleading defects which warranted special consideration and

treatment with greater liberality by the district court. *See* Macleod v. Georgetown

University Medical Center, 736 A.2d 974 (D.C. 1999) which held, "A second

category of cases in which courts may grant leeway to *pro se* litigants are those in

which litigants bring suit under remedial statutes, particularly those involving civil

rights." Citing *Moore v. Agency for Int'l Dev.,* 301 U.S. App. D.C. 327, 329, 994

F.2d 874, 876 (1993). The court explained, "*Moore* dealt with, among other

things, a civil rights claim… an area we have already noted may be treated with

greater liberality. Further, the case involved… defects in the pleading and service

of process, also areas of permissible special consideration in *pro se* cases."

Like the court in *Brown*, the district court erred when it failed to consider the

11

facts in all of Spence's pleadings, including those in her Opposition Memo and

attached exhibits.  And like the court in *Macleod*, the district court should have

afforded special consideration and liberality to any pleading defects and Spence's

civil rights claims which were brought under "the Whistleblower Protection Act,

Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the

Civil Service Reform Act and the Department of Veterans Affairs Whistleblower

Protection Act."  *See* App. 222.  Therefore, the district court's dismissal under

Fed. R. Civ. P. 12(b)(6) was erroneous.

**B.  The District Court's Failure to Take Judicial Notice of the Exhibits
      Attached to Spence's Opposition Memo Violated Fed. R. Evid. 201.**

The district court's failure to take judicial notice of Spence's exhibits

violated Fed. R. Evid. 201(c)(2) which states the court "must take judicial notice if

a party requests it and the court is supplied with the necessary information. Spence

requested that the court take judicial notice of her affidavit and the other exhibits

submitted with her Opposition Memo.  App. 180, 196.  *See* Exh. A, at 121 and

Exh. B, at 138.

In *Williams v. Chu*, 641 F.Supp.2d 31, 35 (D.D.C. 2009), the court held, "A

plaintiff's EEOC charge and the agency's determination are both public records, of

which this Court may take judicial notice." Each of the claims in Spence's

affidavit which were made under penalty of perjury contains sufficient factual

matter, accepted as true, to plausibly establish the elements of a claim. Exh. C, at

157. *See Cook v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013). Therefore,

dismissal of Count I under Rule 12(b)(6) was erroneous.

## II.    Spence's Opposition Memo Did Not Violate the Brief Page Limit.

The district court erroneously concluded that Spence attempted to

"incorporate 129 pages of external documents to supply the factual information

necessary to support her allegations, bringing her Opposition and its attachments

up to a total of 173 pages in length, in violation of the 45-page limit on briefs."

App. 230. Nowhere in Spence's Opposition Memo (App. 169) did she indicate

that any portion of the exhibits attached were to be incorporated by reference. In

fact, the Opposition Memo was devoid of any such direct or explicit notice that is

generally necessary to incorporate extraneous matter by reference. For example,

Counts I - VI of Spence's Amended Complaint explicitly state, "The foregoing

facts and allegations are incorporated as if re-alleged herein." *See* App. 93-95.

Without such direct or explicit notice, it would have been impossible for the court

or the VA to ascertain the nature and extent of such alleged incorporation. Further,

13

if the district court's position is accepted, the VA would have been forced to respond to not only each of the numbered paragraphs of Spence's Amended Complaint, but also to each paragraph of the attached exhibits, thus rendering the Amended Complaint totally incoherent.  Therefore, the district court's finding that the Opposition Memo exhibits were incorporated by reference is erroneous.

## III.    Spence's Termination was not the Only Adverse Employment Action.

The district court found that "the myriad [of] employment actions about which Spence complains… do not qualify as materially adverse… The only action that is plainly adverse is her termination." App. 236.  The court's finding is erroneous.  Appellant's Statement of Affirmative Defenses  which was submitted to the district court with Spence's Opposition Memo stated, "The personnel actions taken against Appellant included a further reduction in Appellant's workload which was a significant change in Appellant's duties and responsibilities, the reduction in Appellant's performance evaluation on December 21, 2017 from 'Outstanding' the previous year to 'Fully Successful," denial of a performance award, a three-day suspension… denial of payment for the three days Appellant worked during the suspension period…"  Exh. B, at 150, App. 8, at 199.

14

Spence's Opposition Memo identified numerous adverse employment actions suffered by Spence. Spence stated that the employment actions taken against her by the VA adversely impacted and affected the terms and conditions of her employment (App. 181) diminished her visibility and responsibilities (App. 183, 180); caused subsequent disciplinary actions (App. 184, 186); diminished prospects for career advancement, promotion, pay increase, bonuses, monetary and time off awards (App. 185, 187, 191-192 ); negatively impacted Spence's employment privileges (App. 188), employment (App. 189, 192, 194), and pay (App.192, 194).

The district court's finding that the "myriad of employment actions about which Spence complains" had no binding effect on her salary, bonus or other benefits is erroneous. App. 236 Even though the district court cited two D.C. Circuit cases that held that performance reviews that resulted in financial harms, i.e., the employee not receiving a cash award were materially adverse (App. 236), the district court chose to ignore the language in Spence's Opposition Memo stating that the "Fully Successful" performance rating Spence received in December 2017 which was lower than the "Outstanding" rating she received the previous year resulted in her loss of a monetary/time off award. App. 187, Exh. E,

15

at 228, 229, Exh. F, at 231.

The court in *Lowe v. Jackson,* 28 F. Supp. 3d 63 (D.D.C. 2014) held that negative performance evaluations qualified as materially adverse actions when they ultimately led to the employee's termination. This was the case with Spence.

The district court's failure to take judicial notice of Spence's exhibits was a violation of Fed. R. Evid. 201(c)(2). Again, because this is a mixed case involving numerous claims of civil rights violations and allegations of defective pleadings, special consideration and treatment with greater liberality were warranted. Therefore, dismissal of Count I under Fed. R. Civ. P. 12(b)(6) was erroneous.

## IV.    Spence Pleaded a Causal Connection Between Her Termination and Her EEO Complaint.

The district court held that plaintiff's "claims regarding her termination flounder because Spence has not adequately pled a causal connection between plaintiff's termination and plaintiff's EEO complaint. She was fired nearly a full year after she filed her EEO complaint." App. 236. The district court incorrectly presumed that Spence's last EEO claim was made one year before Spence was terminated in October 2018. While it is true that Spence filed her original EEO complaint on November 6, 2017, the 19 events of discrimination and

retaliation Spence complained of occurred between November 6, 2017 and

September 2018 which resulted in numerous amendments to Plaintiff's original

complaint. App. 93, 94, Exh. C, at 157, 158.

In *Smith Property Holdings v. U.S.*, Case No. 01cv0855 (RBW) (D.D.C.

March 31, 2004), the court held that a "five-month period… between the

plaintiff's participation in protected activity and the defendant's allegedly adverse

action is sufficient to establish a causal connection." *See also Sanders v. Veneman*,

211 F.Supp.2d 10 (D.D.C. 2002). The EEO events leading up to Spence's

termination show a causal connection between those events and her termination.

They also show a pattern of discrimination and retaliation for nearly one year.

Thus, the district court's dismissal under Fed. R. Civ. P. 12(b)(6) was erroneous.

**V.    Spence Offered Facts that Supported a Plausible Inference of Causation Between Her Whistleblower Disclosures and Her Termination.**

Plaintiff's Amended Complaint states, "Plaintiff maintains the VA took

personnel actions against her in retaliation for disclosures made to VA Office of

General Counsel managers, IG, and OSC alleging that attorneys from the

Department of the Army (Army) were unlawfully hired as GS-15 attorneys.

17

*See* MSPB Record Appellant's Statement of Affirmative Defenses, at 11-12."[2]

App. 95, Exh. B. at 141, 142. The district court held appellant neglected to specify

the dates on which she made alleged whistleblower disclosures and "Without

knowing the precise date of her complaints, and because Spence pleads no other

facts that would provide direct evidence of retaliation, this Court cannot possibly

make 'an inference of causation' necessary to sustain her claim." App. 238.

Spence requested that the district court take judicial notice of Appellant's

Statement of Affirmative Defenses (Exh. B) and Appellant's Response to MSPB

Order Dated October 23, 2019 (Exh. H) which contained the dates and relevant

facts needed to make an inference of causation. App. 196. Appellant's Statement

of Affirmative Defenses states, "From the time Appellant first complained on

October 30, 2017 of a lack of work for attorneys… and questioned the need to hire

additional attorneys, Appellant became a victim of whistleblower retaliation. The

emails below show Appellant's communications… Appellant believed to evidence

a gross waste of funds and an abuse of authority." Ex. B, at 143. Spence's

emails contained the dates of her whistleblower disclosures. Exh. H, at 234-243.

The district court's failure to take judicial notice of Spence's exhibit was a

---

[2] Spence's Opposition Memo states, Plaintiff has discovered a typographical error in the page numbers identified, as Plaintiff intended to state "at 3-12." App. 196.

violation of Fed. R. Evid. 201(c)(2). Additionally, because this is a mixed case involving claims of civil rights violations and alleged defective pleadings, special consideration and treatment with greater liberality were warranted. Therefore, dismissal under Fed. R. Civ. P. 12(b)(6) was erroneous.

## VI.    Spence Pleaded Facts That Supported Her Count IV Allegations.

Count IV of Spence's Amended Complaint alleged, "Deceipt with Respect to Employee's Right to Compete for Employment in violation of the WPA, 5 U.S.C. 2302(b)(3)[3]and Granting Preference or Advantage Not authorized by Law, Rule or Regulation to an Applicant for employment in violation of the WPA, 5 U.S.C. 2302(b)(4) and (6)." App. 122, 1236, at 31-32. Spence alleged that attorneys who previously worked for Mr. Fleck were improperly hired by him as full-time GS-15 trial attorneys and that the attorneys were performing the same work as the GS-14 attorneys. App. 124. Spence alleged that the GS-15 attorneys hired were granted preferences or advantages not authorized by law… and Spence was deceived by the description provided for the trial attorney vacancies. App. 127. Spence's Amended Complaint states, "The evidence shows the Army attorneys hired by Mr. Fleck were not eligible for the GS-15 positions that were

---

[3] 5 U.S.C. 2302(b)(3) was included by mistake. 5 U.S.C.(b)(4) and (b)(6) are the applicable provisions.

intended for Agency attorneys…By email dated October 1, 2018, the three

Procurement Law Group GS-15 Trial Attorney positions were deactivated." App.

132, Exh. G.

The district court incorrectly inferred that Spence "may have meant to argue

that these decisions were infected with the same discriminatory motives she alleges

throughout her Complaint and stated, "But Spence does not plead any facts that

support these conclusory allegations of wrongdoing…" App. 241.  Spence did

not intend to argue discriminatory motives in connection with Count IV.  As the

district court pointed out, Spence never mentioned discrimination.  App. 241.

Count IV shows alleged WPA violations.  Spence adequately pleaded facts that

supported her allegations of wrongdoing.  Thus, the district court's dismissal of

Count IV under Fed. R. Civ. P. 12(b)(6) based on its incorrect assumption that

Count IV involved allegations of discriminatory motives was erroneous.

**VII.    The MSPB's Decision was Not Based on Substantial Evidence.**

**A.  VA's Failure to Obtain Approval from the OSC Violated the WPA.**

Count V of Spence's Amended Complaint states that S.1094 - VA

Accountability and Whistleblower Protection Act (WPA) of 2017 requires that the

VA Secretary obtain the approval of the Office of Special Counsel (OSC) prior to

removing an individual from employment. App. 98. The district court noted

the VA "may not remove, demote, or suspend such covered individual… without

the approval of the Special Counsel. 38 U.S.C. 714(e)(1)." App. 242.

Spence alleged that a harmful procedural error occurred when the VA did

not receive the requisite approval of the Special Counsel before terminating her.

App. 98, App. 202. The district court stated, "Spence challenges the MSPB's

conclusion that the VA Special Counsel signed off on her termination as

unsupported by evidence in the administrative record… Having examined that

decision the Court concludes that it was based on substantial evidence… In

upholding the VA's removal of Spence, the MSPB found that the VA OAWP

'issued an email notifying the agency that its inquiry into the appellant's

proposed removal is complete and neither they nor the Office of Special Counsel

will hold the proposal from proceeding.'" App. 242, 243.

The record is devoid of any communications from the OSC which show

that the OSC gave the VA approval to proceed with Spence's termination. Instead,

the record shows that the MSPB based its decision on an email from an employee

of the VA Office of Accountability and Whistleblower Protection (OAWP) who

purported to speak for OSC, an independent agency. The record shows the VA's

21

termination of Spence without OSC's approval violated the WPA. Therefore, the

district court's conclusion that substantial evidence supported the MSPB's

decision that the VA's actions were in accordance with its procedures was

erroneous. In addition, the district court's failure to hold unlawful and set aside the

MSPB's conclusion was a violation of 5 U.S.C. 706(2)(A).

**B. Summary Judgment for the VA on Count V Was Not Appropriate.**

"The court shall grant summary judgment if the movant shows there is no

genuine dispute as to any material facts and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986). *See also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). A

court considering a motion for summary judgment must view the evidence in the

light most favorable to the nonmoving party and draw all inferences in favor of the

nonmovant. *Baumann v. District of Columbia*, 795 F. 3d 209, 215 (D.C. Cir.

2015). To survive a motion for summary judgment, the nonmoving party must

come forward with "specific facts showing that there is a genuine issue for trial."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A

non-movant has met its burden of showing there is a genuine dispute about a

material fact if the evidence is such that a reasonable jury could find in its favor.

*Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987).

The VA failed to show there is no genuine dispute as to any material facts and that it is entitled to judgment as a matter of law. The evidence which shows the VA did not obtain approval from the OSC before terminating Spence is such that a reasonable jury could find in Spence's favor. Therefore, the district court's grant of summary judgment for the VA was erroneous and warrants reversal.

## VIII. Spence's Amended Complaint Is Compliant with Fed. R. Civ. P. 8.

The District Court stated that "VA's principal position on dismissal here is that this cause of action does not comply with Rule 8(a)(2)'s requirement that a pleading be a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" App. 243. Even though Spence's Amended Complaint was compliant with the court's 50-page limit which was austere for a case that involves 19 discrimination claims and a lengthy MSPB decision, the district court now seeks to place further limitations on Count VI by claiming, "Spence dives into block quotes from the MSPB decision or administrative record, then comes up for air to argue that the quoted portions of the MSPB decision are erroneous." App. 245. What the district court described is the standard of review for MSPB decisions. The quotes in Count VI serve as the bases for Spence's challenges to

23

the MSPB's findings and conclusions. Without them, neither the district court nor the VA would know what Spence's challenges were based on.

The district court erroneously found that the length of Count VI warranted dismissal for violating Rule 8 because it "spans a total of 167 numbered paragraphs comprising 41 pages of a 48-page Complaint." App. 244. The district court further stated that the Count VI allegations were disorganized and convoluted in nature lingering "on the minutiae of 'myriad seemingly irrelevant descriptions' of correspondence between Spence and her supervisors about particular work assignments… rather than providing a coherent chronological retelling of the events underlying her termination, making it 'nearly impossible to discern the essential facts that underlie Plaintiff's legal claims.'" App. 245.

The district court's findings are erroneous. A review of Count VI does not show the allegations are disorganized or convoluted. Counsel for the VA stated, "Plaintiff's Count VI is over 40 pages and includes several detailed factual challenges to the [Merit Systems Protection Board] administrative judge's decision…" *See* App. 205. Thus, counsel was able to discern the essential facts underlying plaintiff's Count VI claims. Further, the record shows that the descriptions of correspondence about particular work assignments deemed

24

"seemingly irrelevant" by the district court are not irrelevant, as Spence's

termination was based on allegations that Spence failed to perform the work

assignments that were described in the correspondence in Count VI. *See* App.

199-126. With regard to chronology, Spence's Count VI allegations follow the

chronological order of the MSPB's findings and conclusions to the greatest extent

practicable, as stated in her Opposition Memo. App. 205. Spence further

stated, "Defendants also followed the chronological order of the MSPB AJ's

findings and conclusions in their Motion for Summary Judgment…" App. 205.

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e)(2). Justice

was not served by the district court's dismissal of Count VI of Spence's Amended

Complaint for violating Rule 8. The record shows that VI was in compliance with

Rule 8. Therefore, the district court's dismissal of Count VI was erroneous.

## IX.    Dismissal of Counts I-IV of Spence's Amended Complaint with Prejudice Was an Abuse of the District Court's Discretion.

Citing *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996), the

district court acknowledged the D.C. Circuit's warning that dismissals under Rule

12(b)(6) are disfavored. App. 245. The D.C. Circuit has held that dismissal

with prejudice is an extreme sanction that requires the exercise of careful

discretion. "Given the severity of dismissal as a sanction… this discretion must be exercised carefully and in accordance with the standards identified in our cases. Thus, dismissal should be adopted as a remedy <u>only in extreme circumstances</u> and only after the trial court has considered lesser sanctions. This inquiry should include whether the conduct calling for sanctions was willful…" *Van Man v. District of Columbia*, 633 A.2d 1245 (D.C. 1995), quoting *Techniarts Video v. 1631 Kalorama Assocs.*, 572 A.2d 1051, 1054 (D.C. 1990). A district court may dismiss under Rule 41(b) "only after less dire alternatives have been explored without success." *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 187 (D.C. Cir. 1985).

Although the district court claims that it gave Spence "repeated warnings and myriad opportunities to articulate a proper claim," the record shows that it gave Spence one warning on March 30, 2022 when it stated, "It will behoove Spence to be as concise as possible on her fourth attempt, which will be her final one should she fail to abide by the restrictions." App. 82 This occurred after the district court erroneously accused Spence of disregarding the page limit it imposed for her Amended Complaint.

Spence's opportunities to amend her Complaint included the first proposed Amended Complaint of 250 pages which the district denied on July 30, 2021 by

26

Order imposing an arbitrary 50-page limit.  App. 43, ECF Minute Order.  Spence's

second proposed Amended Complaint which unintentionally exceeded the district

court's 50-page limit, resulted in the denial of Spence's second proposed Amended

Complaint on September 2, 2021.[4]  App. 47 ECF Minute Order.  Spence's third

proposed Amended Complaint[5] was granted by the district court on October 27,

2021.  App. 46, ECF Minute Order.  The court subsequently determined that

Spence incorporated Exhibit A (Exh. A, at 58) by reference which

violated the 50-page limit.[6]  App. 45, ECF No. 33.  After removing all exhibits

submitted with Spence's third proposed Amended Complaint to avoid any further

claim by the district court that the exhibits were incorporated by reference, Spence

submitted a fourth Amended Complaint which was accepted by the district court

on April 14, 2022.  App. 45, ECF Minute Order.

     In its Memorandum Opinion (App. 169), the district court erroneously

disposed of all counts of Spence's Amended Complaint and erroneously decided

---

[4] Since Spence's original 98-page Complaint had not been an issue for the district court for two years and Spence was seeking leave to amend her Complaint and add Count VI to address the MSPB's Decision, Spence believed the Court's 50-page limit applied to Count VI and not the entire Amended Complaint.

[5] Spence's third proposed Amended Complaint is in the "EXHIBITS" binder at page 1.

[6] There were three exhibits submitted with the third proposed Amended Complaint.  Without explanation, the district court found that only Exhibit A was incorporated by reference, even though there were no indicators in the Amended Complaint that any of the exhibits were to be incorporated by reference.  The majority of the facts set forth in Exhibit A were already included in the Amended Complaint's Counts II-VI.

that Spence was not entitled to any further opportunities to cure any defects in her

pleadings. Without citing to a source, the district court judge opined that "the VA

clearly spent an inordinate amount of time attempting to manage an unsatisfactory

employee here, and her prolonged efforts to sue it have only compounded the

expenditure." App. 246. The record does not show that Spence was an

unsatisfactory employee or that the VA spent an inordinate amount of time

managing her. It shows that Spence's clients said the support she provided was

nothing short of outstanding, the service she provided was high quality, excellent

and exceptional, she was a major asset, and the best at the VA. App. 139.

"The court should freely grant leave when justice so requires." Fed. R. Civ.

P. 15(a)(2). *Pro se* pleadings are generally liberally construed and held to a less

stringent standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The decision

whether to grant leave to amend a complaint is within the court's discretion, but

leave "should be freely given unless there is good cause…to the contrary."

*Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996). "In

the absence of any apparent or declared reason - such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue

28

of allowance of the amendment, futility of amendment, etc. - the leave sought

should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182

(1962).

The district court had no "sufficient" reason to deny Spence any further

leave to amend. There was no undue delay, bad faith or dilatory motive. There

was no bad faith or willful failure to cure deficiencies by amendments previously

allowed. There were no attempts by Spence to circumvent the court's page limit.

Even though Spence's fourth proposed Amended Complaint was compliant with

district court's austere 50-page limit, the court erroneously found that Count VI

violated Rule 8's "short and plain statement" requirement because it contained 167

numbered paragraphs, 41 pages, and block quotes from the MSPB decision. App.

244, 245. Spence drastically reduced her Amended Complaint and Count VI in

particular to ensure compliance with the district court's 50-page limit. Any further

reduction would have an even greater adverse impact on Spence's challenges to

the MSPB's findings and conclusions and her chances for success on the merits.

The court in *Foman* held, "If the underlying facts or circumstances relied

upon by a plaintiff may be a proper subject of relief, he ought to be afforded an

29

opportunity to test his claim on the merits." *Id.* at 182. Instead of affording

Spence any further opportunity to test the merits of her claims, the district court was seemingly more concerned with quickly disposing of Spence's claims and reaching the end of the road.  App. 233, 246.  Further, the district court's decision to dismiss Spence's case is not consistent with D.C. Circuit case law holding that cases involving civil rights violations and allegations of defective pleading warranted special consideration  and greater liberality.  Thus, the district court's dismissal of Spence's case with prejudice was an abuse of its discretion.

## CONCLUSION

For the foregoing reasons, the District Court's judgment on Counts I-VI should be reversed and the case remanded for further proceedings.

May 19, 2023                              Respectfully submitted,

Jo Spence, *pro se*
Plaintiff-Appellant
710 Belmont Bay Drive
Woodbridge, VA  22191
jodspence@gmail.com
(571) 288-6092

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify that this brief

complies with the type-volume limitation because it is 30 pages long, excluding

those parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and D.C. Cir. R. 32(a)(1).

I further certify that this brief complies with the typeface requirements of Fed. R.

App. P. 32(a)(5) and the typeface style requirements of Fed. R. App. P. 32(a)(6)

because the brief was prepared in 14-point Times New Roman font using

Microsoft Word.

May 19, 2023

Jo Spence, *pro se*
Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I certify that on May 19, 2023, a copy of the foregoing Brief of

Plaintiff-Appellant, Addendum and Appendix were sent by first class/priority mail

to the following:

Bradley G. Silverman
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the
 District of Columbia
555 4th Street, N.W.
Washington, DC  20530
Email:  bradley.silverman@usdoj.gov

Jo Spence, *pro se*
Plaintiff-Appellant

# ADDENDUM

# STATUTES AND REGULATIONS

i

## TABLE OF CONTENTS

Fed. R. Civ. P. 8(a), (e)............................................................................................1

Fed. R. Civ. P. 12(b)(6)............................................................................................2

Fed. R. Civ. P. 15(a)(2)............................................................................................3

Fed. R. Civ. P. 56(a)............................................................................................4

Fed. R. Ev. 201(c)(2)..............................................................................................5

5 U.S.C. 706(2)(A)............................................................................................6

5 U.S.C. 2302(b)(4), (b)(6)....................................................................................7

38 U.S.C. 714(e)(1)............................................................................................8

ii

**Fed. R. Civ. P. 8(a), (e)**


**Rule 8. General Rules of Pleading**

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support,

(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

**(e) Construing Pleadings.** Pleadings must be construed so as to do justice.

ADD1

**Fed. R. Civ. P. 12(b)(6)**


**Rule 12. Defenses and Objections: when and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**

**(b) How to Present Defenses.**  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:

   (1)  Lack of subject-matter jurisdiction;

   (2)  Lack of personal jurisdiction;

   (3)  Improper venue;

   (4)  Insufficient process;

   (5)  Insufficient service of process;

   **(6)**  Failure to state a claim upon which relief can be granted; and

   (7)  Failure to join a party under Rule 19.

ADD2

**Fed. R. Civ. P. 15(a)(2)**


**Rule 15. Amended and Supplemental Pleadings**

**(a)  Amendments Before Trial.**

(1) *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2) *Other Amendments.***  In all other cases, a party may amend its pleading with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) *Time to Respond.*  Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

ADD3

**Fed. R. Civ. P. 56(a)**

**Rule 56. Summary Judgment**

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A
party may move for summary judgment, identifying each claim or defense -
or the part of each claim or defense—on which summary judgment is
sought.  <u>The court shall grant summary judgment if the movant shows that
there is no genuine dispute as to any material fact and the movant is entitled
to judgment as a matter of law.</u>  The court should state on the record the
reasons for granting or denying the motion.

ADD4

## Fed. R. Evid. 201(c)(2)

### Rule 201. Judicial Notice of Adjudicative Facts

**(c) Taking Notice.** The court:

(1) may take judicial notice on its own; or

(2) Must take judicial notice if a party requests it and the court is supplied with the necessary information.

## 5 U.S. Code 706(2)(A)

**Section 706 - Scope of review**

*To the extent necessary to decision and when presented, the reviewing court shall* decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.  The reviewing court shall-

(2) <u>hold unlawful and set aside any agency action, findings, and conclusions found to be</u> -
(A) arbitrary, capricious, an abuse of discretion, or otherwise <u>not in accordance with law</u>;

ADD6

**5 U.S. Code 2302(b)(4) & (6)**

**5 U.S. Code 2302 - Prohibited personnel practices**

*(b) Any employee who has authority to take, direct others to take, recommend, or* approve any <u>personnel action</u>, shall not, with respect to such authority–

    **(4)** d<u>eceive or willfully obstruct any person with respect to such person's right to compete for employment</u>;

    **(6)** <u>granting preference or advantage not authorized by law rule, or regulation to any employee or applicant for employment</u> (including defining the scope or manner of competition or the requirements for any position) <u>for the purpose of improving or injuring the prospects of any particular person for employment</u>;

ADD7

## 38 U.S. Code 714(e)(1)

**(e) Whistleblower Protection.**

*(1) In the case of a* <u>*covered individual*</u> *seeing corrective action (or on behalf of* whom corrective action is sought) from the Office of Special Counsel based on an alleged prohibited personnel practice described in section 2302(b) of title 5, <u>the Secretary may not remove, demote, or suspend such covered individual under subsection (a) without the approval of the Special Counsel</u> under section 1214(f) of title 5.

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

MAY 19 2023

RECEIVED