**ORAL ARGUMENT NOT REQUESTED BY PARTIES**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 22-5273
_____

JO SPENCE,
Appellant,

v.

DEPARTMENT OF VETERANS AFFAIRS et al.,
Appellees.

_____

BRIEF OF APPELLEES
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

MATTHEW M. GRAVES
United States Attorney

BRIAN P. HUDAK
JANE M. LYONS
Assistant United States Attorneys

BRADLEY G. SILVERMAN
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

C.A. No. 19-1947

**CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES**

<u>Parties and Amicus Curiae</u>

Appellant is Jo Spence, who was the plaintiff in the district court. Appellees are the Department of Veterans Affairs and Denis McDonough, Secretary of Veterans Affairs, who were the defendants in the district court. There was and are no *amicus curiae*.

<u>Ruling Under Review</u>

At issue in this appeal is the Honorable Judge James E. Boasberg's August 12, 2022 order granting the Department's motion to dismiss or for summary judgment, and accompanying memorandum opinion.

<u>Related Cases</u>

This case has not previously been before this Court. Undersigned counsel is not currently aware of any pending related cases.

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ............. i

    Parties and Amicus Curiae ..................................................................... i

    Ruling Under Review ............................................................................. i

    Related Cases ......................................................................................... i

TABLE OF AUTHORITIES ................................................................... iv

STATEMENT OF JURISDICTION........................................................1

STATEMENT OF THE CASE................................................................1

ISSUES PRESENTED............................................................................2

BACKGROUND ....................................................................................4

    A.    Statement of Facts ..................................................................4

    B.    Procedural History.................................................................7

SUMMARY OF ARGUMENT .............................................................13

STANDARDS OF REVIEW .................................................................15

ARGUMENT .......................................................................................16

I.    The District Court Acted Within its Discretion in Confining its Analysis to the Contents of Spence's Amended Complaint in Resolving the Rule 12(b)(6) Motion ............................................................16

II.    The District Court Correctly Granted the Department Summary Judgment on Spence's Claim Under 38 U.S.C. § 714(e)(1)..........................................23

III.    The Dismissal of Spence's Discrimination Claims Merits Affirmance........24

    A.    Spence Forfeited Any Challenge to the Dismissal of Discrimination Claims by Failing to Raise Such Arguments in Her Opening Brief...25

B.      Spence Did Not Plausibly Allege that Her Race, Sex, or Age Caused Any of the Challenged Actions ...............................................25

IV.     Spence Did Not Plausibly Allege a Title VII or ADEA Retaliation Claim ..27

A.      Spence Did Not Plausibly Allege that Many of the Challenged Actions Were Materially Adverse........................................................27

B.      Spence Did Not Plausibly Allege that Any Protected Activity Caused Her Removal....................................................................32

V.      Spence Did Not Plausibly Allege a Whistleblower Act Claim.....................34

A.      Spence Did Not Plausibly Allege that She Had Engaged in a Protected Activity..................................................................35

B.      Spence Did Not Plausibly Allege that Any Protected Activity Was a Contributing Factor to Her Removal................................35

VI.     Spence Did Not Plausibly Allege a CSRA Claim ........................................37

VII.    The District Court Acted Within its Discretion in Dismissing Spence's Challenge to the MSPB Decision for Violating Rule 8's "Short and Plain Statement" Requirement......................................................39

VIII.   The District Court Acted Well Within its Discretion in Dismissing the Action With Prejudice ..................................................................43

CONCLUSION ....................................................................................47

CERTIFICATE OF COMPLIANCE WITH FRAP 32(g)(1)................................48

CERTIFICATE OF SERVICE ............................................................................48

# TABLE OF AUTHORITIES

## Cases

*Abdelfattah v. Dep't of Homeland Sec.*,
   787 F.3d 524 (D.C. Cir. 2015) ............................................................19

*Adams v. Dep't of the Treasury*,
   594 F. App'x 1 (D.C. Cir. 2015) .........................................................40

*Alley v. Dodge Hotel*,
   501 F.2d 880 (D.C. Cir. 1974) ...........................................................19

*Al-Tamimi v. Adelson*,
   916 F.3d 1 (D.C. Cir. 2019) ................................................ 17, 25, 33

*Altemus v. Talmadge*,
   58 F.2d 874 (D.C. Cir. 1932) .............................................................38

*Am. Stores Co. v. Comm'r*,
   170 F.3d 1267 (10th Cir. 1999) .........................................................22

*Ansfield v. Omnicare, Inc.*,
   769 F.3d 455 (6th Cir. 2014) .............................................................22

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................. passim

*Baloch v. Kempthorne*,
   550 F.3d 1191 (D.C. Cir. 2008) .......................................... 26, 29, 30

*Banks v. Booth*,
   3 F.4th 445 (D.C. Cir. 2021) .............................................................20

*Bridgeforth v. Jewell*,
   721 F.3d 661 (D.C. Cir. 2013) ................................................. 28, 30

*Bristol Petro. Corp. v. Harris*,
   901 F.2d 165 (D.C. Cir. 1990) ............................................ 19, 42, 43

**Cases (cont.)**

*Brown v. Whole Foods Mkt. Grp., Inc.*,
   789 F.3d 146 (D.C. Cir. 2015)........................................................19

*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006)............................................... 27, 28, 29, 31

*Camps v. C&P Tel. Co.*,
   692 F.2d 120 (D.C. Cir. 1981).................................... 19, 46

*Chennareddy v. Dodaro*,
   697 F. App'x 704 (D.C. Cir. 2017)........................ 40, 41, 44

*Ciralsky v. CIA*,
   355 F.3d 661 (D.C. Cir. 2004) ...................... 15, 39, 41, 45

*City of Harper Woods v. Olver*,
   589 F.3d 1292 (D.C. Cir. 2009).........................................37

*Clark Cnty. Sch. Dist. v. Breeden*,
   532 U.S. 268 (2001) (per curiam)........................ 32, 33, 34

*Cohen v. Bd. of Trs. of the Univ. of D.C.*,
   819 F.3d 476 (D.C. Cir. 2016) ........................................43

*Davis v. Pension Benefit Guar. Corp.*,
   734 F.3d 1161 (D.C. Cir. 2013).........................................18

*Dawes v. Walker*,
   239 F.3d 489 (2d Cir. 2001)...............................................36

*Dietz v. Bouldin*,
   579 U.S. 40 (2016)............................................... 16, 21

*Dozier v. Ford Motor Co.*,
   702 F.2d 1189 (D.C. Cir. 1983).........................................19

*Drielak v. Pruitt*,
   890 F.3d 297 (D.C. Cir. 2018)...........................................31

## Cases (cont.)

*Durant v. District of Columbia*,
    875 F.3d 685 (D.C. Cir. 2017) ............................................................29

*English-Speaking Union v. Johnson*,
    353 F.3d 1013 (D.C. Cir. 2004) ................................................. 43, 44

*Fischer v. Resol. Tr. Corp.*,
    59 F.3d 1344 (D.C. Cir. 1995) ...........................................................38

*Forkkio v. Powell*,
    306 F.3d 1127 (D.C. Cir. 2002) .........................................................31

*Gardner v. United States*,
    211 F.3d 1305 (D.C. Cir. 2000) .........................................................43

*Gerlich v. Dep't of Just.*,
    711 F.3d 161 (D.C. Cir. 2013) ...........................................................18

*Goldfarb v. Mayor*,
    791 F.3d 500 (4th Cir. 2015) .............................................................22

*Goodyear Tire & Rubber Co. v. Haeger*,
    581 U.S. 101 (2017) ...........................................................................16

*Gray v. Foxx*,
    637 F. App'x 603 (D.C. Cir. 2015) ....................................................31

*Gulf S. Pipeline Co., LP v. FERC*,
    955 F.3d 1001 (D.C. Cir. 2020) .........................................................23

*Gustave-Schmidt v. Chao*,
    360 F. Supp. 2d 105, 118-19 (D.D.C. 2004), *aff'd*, No. 04-5181, 2004 WL
    2348142 (D.C. Cir. Oct. 19, 2004) ....................................................33

*Hamilton v. Geithner*,
    666 F.3d 1344 (D.C. Cir. 2012) ................................................. 32, 33

**Cases (cont.)**

*Harris v. D.C. Water & Sewer Auth.*,
    791 F.3d 65 (D.C. Cir. 2015) .................................................................. 21, 36, 37

*Hobson v. Wilson*,
    737 F.2d 1 (D.C. Cir. 1984) .............................................................................16

*Hoska v. Dep't of the Army*,
    677 F.2d 131 (D.C. Cir. 1982) ........................................................................24

*Howard R.L. Cook & Tommy Shaw Found. v. Billington*,
    737 F.3d 767 (D.C. Cir. 2013) ................................................................. 21, 27

*In re Sealed Case*,
    624 F.3d 482 (D.C. Cir. 2010) ........................................................................22

*Jiggetts v. District of Columbia*,
    319 F.R.D. 408 (D.D.C. 2017)........................................................................40

*Jones v. Unity Behavioral Health, LLC*,
    No. 20-14265, 2021 WL 5495578 (11th Cir. Nov. 23, 2021) ...........................36

*Klayman v. Zuckerberg*,
    753 F.3d 1354 (D.C. Cir. 2014) ......................................................................21

*Kuehl v. FDIC*,
    8 F.3d 905 (1st Cir. 1993) ........................................................................ 44, 45

*L&J Energy Co., Inc. v. Sec'y of Lab.*,
    57 F.3d 1086 (D.C. Cir. 1995) ........................................................................24

*Lance v. Coffman*,
    549 U.S. 437 (2007)........................................................................................39

*Lathram v. Snow*,
    336 F.3d 1085 (D.C. Cir. 2003) ......................................................................38

*Laurel Baye Healthcare of Lake Lanier, Inc. v. NLRB*,
    564 F.3d 469 (D.C. Cir. 2009) ........................................................................22

**Cases (cont.)**

*Livingston v. Borough*,
   223 F. App'x 84 (3d Cir. 2007) ..........................................................36

*MacLeod v. Georgetown Univ. Med. Ctr.*,
   736 A.2d 977 (D.C. 1999) ..............................................................21

*Mann v. Castiel*,
   681 F.3d 368 (D.C. Cir. 2012) .........................................................19

*Marcato v. Agency for Int'l Dev.*,
   11 F.4th 781 (D.C. Cir. 2021) ..........................................................34

*Mayorga v. Merdon*,
   928 F.3d 84 (D.C. Cir. 2019) ...........................................................15

*McCann v. Clark*,
   191 F.2d 476 (D.C. Cir. 1951) .........................................................40

*McHenry v. Renne*,
   84 F.3d 1172 (9th Cir. 1996) ................................................. 42, 43, 44

*McKinney v. Dole*,
   765 F.2d 1129 (D.C. Cir. 1985) .......................................................26

*Nat'l Fed. of Fed. Emp. v. Cheney*,
   883 F.2d 1038 (D.C. Cir. 1989) ................................................. 32, 33

*Northrop Grumman Info. Tech., Inc. v. United States*,
   535 F.3d 1339 (Fed. Cir. 2008) ........................................................18

*Oviedo v. Wash. Metro. Area Transit Auth.*,
   948 F.3d 386 (D.C. Cir. 2020) ................................................. 20, 42

*Palmieri v. United States*,
   896 F.3d 579 (D.C. Cir. 2018) ...........................................................7

*Paquin v. Fed. Nat'l Mortg. Ass'n*,
   119 F.3d 23 (D.C. Cir. 1997) ...........................................................27

## Cases (cont.)

*Payne v. Salazar*,
  619 F.3d 56 (D.C. Cir. 2010) ...........................................................15

*Petzold v. Rostollan*,
  946 F.3d 242 (5th Cir. 2019) .........................................................36

*Pueschel v. Chao*,
  955 F.3d 163 (D.C. Cir. 2020) ........................................................21

*Rempfer v. Sharfstein*,
  583 F.3d 860 (D.C. Cir. 2009) ........................................................24

*Renshaw v. Renshaw*,
  153 F.2d 310 (D.C. Cir. 1946) ........................................................40

*Resol. Tr. Corp. v. Fed. Sav. & Loan Ins. Corp.*,
  25 F.3d 1493 (10th Cir. 1994) ........................................................18

*Simpson v. Borg-Warner Auto., Inc.*,
  196 F.3d 873 (7th Cir. 1999) .........................................................26

*Sparrow v. United Air Lines, Inc.*,
  216 F.3d 1111 (D.C. Cir. 2000) .......................................................21

*Spirit Airlines, Inc. v. Dep't of Transp.*,
  997 F.3d 1247 (D.C. Cir. 2021) .......................................................23

*Taylor v. Small*,
  350 F.3d 1286 (D.C. Cir. 2003) .......................................................31

*Taylor v. Solis*,
  571 F.3d 1313 (D.C. Cir. 2009) ........................................... 28, 30, 33

*United States ex rel. Garst v. Lockheed-Martin Corp.*,
  328 F.3d 374 (7th Cir. 2003) .........................................................41

*United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*,
  608 F.3d 871 (D.C. Cir. 2010) ........................................................21

**Cases (cont.)**

*United States ex rel. Williams v. Martin-Baker Aircraft Co.*,
  389 F.3d 1251 (D.C. Cir. 2004)...........................................................16

*United States v. Sanchez*,
  88 F.3d 1243 (D.C. Cir. 1996)....................................................... 20, 42

*Webster v. Del Toro*,
  49 F.4th 562 (D.C. Cir. 2022)..........................................................35

*Whiting v. Am. Ass'n of Retired Persons*,
  637 F.3d 355 (D.C. Cir. 2011)..........................................................22

**Statutes**

5 U.S.C. § 1221(e)(1)...........................................................................34

5 U.S.C. § 2302(b) ................................................................ 26, 34, 35

5 U.S.C. § 7703(b)(2)............................................................................1

28 U.S.C. § 1291 ...................................................................................1

28 U.S.C. § 1331 ...................................................................................1

29 U.S.C. § 633a(a).......................................................................... 25, 27

38 U.S.C. § 714(e)(1)...........................................................................23

42 U.S.C. § 2000e-3(a) ........................................................................27

42 U.S.C. § 2000e-16(a) ......................................................................25

**Other Authorities**

5 Charles A. Wright et al.,
  *Federal Practice & Procedure* (4th ed. Apr. 2023 update)................... 39, 40, 43

**Rules**

Fed. R. App. P. 32(f) ................................................................48

Fed. R. Civ. P. 41(b) ........................................................ 39, 43

Fed. R. Civ. P. 8(a)(2) ...........................................................39

Fed. R. Civ. P. 8(d)(1) ...........................................................39

Fed. R. Civ. P. 83(b) ..............................................................16

Fed. R. Evid. 201(b) ..........................................................7, 38

D.C. Cir. R. 32(e)(1) ..............................................................48

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 5 U.S.C. § 7703(b)(2) and 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE CASE

On June 28, 2019, after the Merit System Protection Board ("MSPB") affirmed her removal, Appellant Jo Spence filed complaint raising five employment claims. R.1.[1] On June 4, 2021, the Department of Veterans Affairs and Denis McDonough, Secretary of Veterans Affairs (collectively "the Department") moved for summary judgment. R.20. On July 27, 2021, Spence moved for leave to file an amended complaint. R.22. On July 30, 2021, the district court denied her motion without prejudice. Min. Order (July 30, 2021). On August 30, 2021, Spence again moved for leave to file an amended complaint. R.23. The district court again denied her motion. Min. Order (Sept. 2, 2021). On September 16, 2021, Spence moved a third time for leave to file an amended complaint. R.24. The district court granted her motion, Min. Order (Oct. 27, 2021), but later dismissed her amended complaint without prejudice. R.33:2.

On April 12, 2022, Spence moved a fourth time for leave to file an amended complaint raising six counts under 38 U.S.C. § 714(e)(1), Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), the

---

[1]    Citations to "R.X:Y" refer to page Y of entry X on the district court's docket.

Whistleblower Protection Act ("Whistleblower Act"), and the Civil Service Reform Act ("CSRA"). R.34. The district court granted her motion. Min. Order (Apr. 14, 2022). On May 25, 2022, the Department moved to dismiss and for summary judgment, and on June 29, 2022, Spence filed a response. R.37, 29. The district court granted the Department summary judgment on Spence's claim under 38 U.S.C. § 714(e)(1), dismissed as insufficiently pleaded her claims under Title VII, ADEA, the Whistleblower Act, and CSRA, dismissed her challenge to the MSPB decision for violating Federal Rule of Civil Procedure ("Rule") 8(a)'s "short and plain statement" standard, and dismissed the action with prejudice. This appeal followed.

## ISSUES PRESENTED

1.     Spence, an experienced attorney, repeatedly violated the district court's orders limiting her pleadings to fifty pages. After the district court gave Spence one last chance to file an amended complaint that complied with its page limits, Spence filed an amended complaint that was exactly fifty pages long. Later, in responding to the Department's subsequent motion to dismiss, Spence conceded that her amended complaint failed to plead facts sufficient to support several of her claims, blaming these shortcomings on the page limits that the district court had imposed on her pleadings. She then directed the district court's attention to 129 pages of exhibits attached to her response, which she assured it would supply the missing factual allegations necessary to support her claims—yet another attempt to circumvent its

2

orders limiting her pleadings' length. Did the district court act within its discretion in declining to give effect to Spence's latest violation of its orders, by confining its analysis to the contents of her pleadings in resolving the Rule 12(b)(6) motion?

2.    Did the district court correctly conclude, in granting the Department summary judgment on Spence's claim under 38 U.S.C. § 714(e)(1), that substantial evidence supported the MSPB's finding that the Office of Special Counsel ("Special Counsel") had approved Spence's removal?

3.    Spence does not raise the district court's dismissal of her discrimination claims in her opening brief, and pled no facts linking her race, sex, or age to any of the challenged actions. Does the district court's dismissal of Spence's discrimination claims merit affirmance?

4.    Did the district court correctly conclude that Spence did not plausibly allege a retaliation claim under Title VII or ADEA?

5.    Did the district court correctly conclude that Spence failed to  allege a plausible retaliation claim under the Whistleblower Act?

6.    Spence alleges that the Department deceived her with respect to her right to compete for employment by hiring Army attorneys for a position that was open only to Department attorneys, thus granting the Army attorneys preferences or advantages not authorized by law, rule, or regulation. But she does not allege that she actually applied for the position at issue; offers only conclusory assertions for

the notion that the position was limited only to Department attorneys, and fails to explain how the Department deceived her. Does the amended complaint state a plausible claim for a prohibited personnel practice under the CSRA?

7.     Did the district court act within its discretion in dismissing Spence's challenge to the MSPB decision, which was 41 pages and 167 paragraphs long, recounted the underlying facts out of chronological order, and generally was difficult to parse, for violating Rule 8(a)(2)'s "short and plain statement" requirement?

8.     The district court provided Spence multiple opportunities to amend her pleadings, even after she had repeatedly violated its orders limiting the length of her pleadings to fifty pages. Yet even on her fifth try, each of her claims were deficient, failing to plausibly allege entitlement to relief, violating Rule 8(a)'s "short and plain statement" requirement, or meriting summary judgment for the Department outright. After five unsuccessful efforts to plead her claims and many violations of its orders, did the district court act within its discretion in dismissing the action with prejudice?

## BACKGROUND

### I.     <u>Statement of Facts</u>

Spence, "an attorney for over 36 years," worked as a Senior Attorney at the Procurement Law Group within the Department's Office of General Counsel until her October 30, 2018 removal for failure to perform her duties at an adequate level. R.36:2. Her duties at the Department included working on litigation. R.20-5:63, 72-

4

80, 126-27. On November 6, 2017, Spence filed an Equal Employment Opportunity ("EEO") complaint against the Department alleging discrimination based on her race (African American), sex (female), and age (over 40), although she does not specify the precise bases for these claims or any of the particular actions that she challenged. *Id.* Spence also claims that she "made whistleblower disclosures" of an unspecified nature to unspecified individuals at unspecified points "in 2017 and 2018." *Id.*

Spence alleges that she experienced several actions during her employment with the Department that she characterizes as adverse. Between November 1, 2017 and December 29, 2017, Candice Cornish, Spence's supervisor, required Spence "to email her each day . . . to state when her workday started." R.36:2. On November 16, 2017, December 4, 2017, and January 29, 2018,[2] Cornish issued Spence a written counseling, a letter of admonishment, and a counseling letter, respectively. *Id.* On November 21, 2017, Cornish "failed to timely approve" Spence's leave request. *Id.*

On December 21, 2017, Spence alleges, Cornish issued Spence a performance rating of "Fully Successful." *Id.* On March 5, 2018, Cornish denied Spence's request to alter her duty hours. *Id.* On April 12, 2018, Cornish excluded Spence from a call with attorneys from the Department of Justice. R.36:3. On May 15, 2018, Cornish excluded Spence from a meeting with clients. *Id.* On May 30, 2018, Cornish issued

---

[2]    Spence pleads this date as January 29, 2017, but based on the chronology of events, this appears to be a typographical error.

Spence a proposed three-day suspension, which Spence does not allege was ever carried out. *Id.* On June 11, 2018, Cornish issued Spence a (presumably less than favorable) performance review, which Spence insists "contain[ed] false allegation" *Id.* The next day, Cornish cited Spence for unspecified "inappropriate conduct." *Id.*

At some point in time, unspecified in the amended complaint, the Department posted a job opportunity announcement for a GS-15-level position. R.36:7. Spence alleges that the position was for "the same work" as her, and that the announcement was "intended for [Department] attorneys" only. *Id.* Spence does not allege that she ever applied for the position. The Department ultimately hired several attorneys from the Army for the position. *Id.*

On September 11, 2018, Cornish proposed Spence's removal from federal service. R.36:3. Spence filed a written response to the removal proposal. R.20-11:22. On September 27, an attorney in the Department's Office of General Counsel asked a Senior Advisor in the Department's Office of Accountability and Whistleblower Protection whether Spence had filed a retaliation claim against the Department with the Special Counsel. R.20-11:19. On October 2, 2018, the attorney followed up with the Senior Advisor "to see if you received any confirmation of [a Special Counsel] claim by Ms. Spence." R.20-11:15. The Senior Advisor responded later that day, "The inquiry remains open with [the Special Counsel]." R.20-11:14. On October 24, 2018, the Senior Advisor informed the attorney, "The inquiry is complete. Neither

[the Special Counsel] nor [the] Office of Accountability and Whistleblower Protection will continue to hold the proposed action under 714. The proposal is clear to proceed. These decisions do not reflect any determination regarding the merits of the proposed action; only that there are no further impediments under 714(e)." *Id.* The next day, on October 25, 2018, the Chief Counsel for the Procurement Law Group removed Spence from federal service. R.20-11:12.[3] Spence appealed her removal to the MSPB, which affirmed the Department's action. R.36:2; R. 20-25.

## II.   **Procedural History**

Proceeding pro se, Spence filed a five-count, 98-page complaint alleging discrimination, retaliation, a hostile work environment, and civil service violations under Title VII, the ADEA, the Whistleblower Act, the CSRA, and 38 U.S.C. § 714(e)(1). R.1. On June 4, 2021, after a pandemic-related stay of proceedings, the Department moved for summary judgment. R.20. On July 27, 2021, without responding to the Department's motion for summary judgment, Spence moved leave to amend her pleading. R.22. Spence's proposed amended complaint, which spanned 235 pages, raised a new, 139-page sixth count challenging the MSPB's decision. R.22-1. The district court denied Spence's motion without prejudice, ordering that

---

[3]     Spence alleges that the Department removed her on October 30, 2018, R.36:3, but her removal letter, which is subject to judicial notice, is dated October 25, 2018. R.20-11:12; *see also* Fed. R. Evid. 201(b); *Palmieri v. United States*, 896 F.3d 579, 583 (D.C. Cir. 2018) ("We also take account of undisputedly authentic documents cited in and integral to the complaint." (quotation marks omitted).

"[i]f she wishes leave to file an amended complaint, such pleading shall be no longer than 50 pages." Min. Order (July 30, 2021).

Spence then moved for leave to amend her complaint second time. R.23. This time, Spence's proposed pleading was 146 pages long, with her challenge to the MSPB decision alone taking up fifty pages. R.23-2. The district court once again denied Spence's motion "for violating the Court's Minute Order . . . which limited her proposed Amended Complaint to 50 pages." Min. Order (Sept. 2, 2021). The district court reiterated that any amended pleading must be no longer than fifty pages, and gave Spence "until September 16, 2021, to file a compliant motion." *Id.*

On September 16, 2021, Spence moved for leave to amend a third time. R.24. Although Spence's proposed pleading appeared to the district court at first glance to be only fifty pages long, it in fact incorporated a fifty-seven page statement of facts from her MSPB proceedings, bringing its total length to 107 pages. R.24-2:2, 51. The district court initially granted Spence leave to file, Min. Order (Oct. 27, 2021), but then later dismissed her pleading, concluding that it was "non-compliant" due to her "creative method of circumventing page limits." R.33:1-2. Although the district court was "troubled by [her] flagrant disregard for the limits the Court has imposed," and noted that "dismissal with prejudice for her failure to comply with court orders" was "not unreasonable given the number of chances Spence has been given," it gave her one more opportunity to amend her complaint. R.33:2. The district court warned

8

Spence that "[i]t will behoove [her] to be as concise as possible on her fourth attempt, which will be her final one should she fail to abide by the restrictions." *Id.*

Spence moved for leave to amend a fourth time, R.34, which the district court granted, Min. Order (Apr. 14, 2022). Spence's amended complaint was fifty pages long, with the challenge to the MSPB decision alone taking up forty-one pages. R.36. The Department moved to dismiss all of Spence's claims except for her claim under 38 U.S.C. § 714(e)(1), on which it moved for summary judgment. R.37. Spence responded to the Department's motion, attaching 129 pages of external exhibits to her. R.39. Spence acknowledged that her amended complaint failed to plead facts sufficient to support several of her claims, blaming this shortcoming on "the page limits set by this Court for Plaintiff's Amended Complaint." R.39:11. Spence then directed the district court to the exhibits attached to her response, which she assured it would supply the missing factual allegations necessary to support her claims. *Id.*

The district court granted the Department summary judgment as to Spence's claim under 38 U.S.C. § 714(e)(1), and dismissed the remainder of her claims with prejudice. R.41. The district court explained that it would construe the allegations in Spence's amended complaint liberally, considering her pro se status. R.42:8. But it emphasized "that Spence is no ordinary pro se plaintiff. Rather, she has been an attorney for 36 years and has spent over a decade working as a senior attorney at the [Department]." *Id.* (emphasis omitted). The district court also noted that "despite her

experience and repeated admonishments from this Court, Spence showed a flagrant disregard for the limits [that it] imposed on her pleadings." R.42:9. And it observed that in her "latest filings, she once again attempts to incorporate 129 pages of external documents to supply the factual information necessary to support her allegations." *Id.* The district court concluded that "Spence's repeated attempts to bypass this Court's orders and her inability to plead the necessary facts to support her allegations within the four corners of her Second Amended Complaint—even on her fifth attempt—do not merit this Court's further leniency." *Id.* As such, the district court explained, while it would "construe the allegations in her Second Amended Complaint liberally, as it must, [ ] it will limit itself to only those allegations, refusing to consider the external materials she once again attempts to incorporate in her Opposition." *Id.* The district court did, however, look beyond Spence's pleadings to the exhibits to her response to conclude that she had exhausted her Whistleblower Act claims, and thus, to assure itself of its jurisdiction over such claims. R.42:10-11.

The district court "dispense[d] with Spence's discrimination claims quickly," explaining that "her allegations have an obvious shortcoming: she provides no facts that could possibly give rise to an inference that any actions that the [Department] took against her were due to intentional race, sex, or age discrimination." R.42:12-13. As to her Title VII and ADEA retaliation claims, the district court concluded that of the challenged actions, only her removal was cognizable, and that

she did not plausibly allege that her EEO complaint had caused her removal "nearly a full year" later. R.42:15. As to her Whistleblower Act retaliation claim, the district court concluded that Spence had not plausibly alleged that any of her ostensible protected activities had been a contributing factor to her removal, as she failed to specify when she made those disclosures. R.42:17-18. As to her CSRA claim, the district court concluded that Spence failed to state a claim upon which relief could be granted, offering only "conclusory allegations of wrongdoing." R.42:20. The district court granted the Department summary judgment on Spence's claim under 38 U.S.C. § 714(e)(1), concluding that substantial evidence supported the MSPB's finding that the Special Counsel had approved her removal. R.42:21,[4]

The district court dismissed Spence's challenge to the MSPB decision for violating Rule 8(a)(2)'s "short and plain statement" requirement. R.42:22. The district court explained that the count was "far too unwieldy to proceed." R.42:23. "It is not merely the length of this count that warrants dismissal for violating Rule 8," the district court reasoned, but also "the disorganized and convoluted nature of the allegations," which "require[d] great perspicacity to construe." The district court explained that "Spence dives into block quotes from the MSPB decision or administrative record, then comes up for air to argue that the quoted portions of the

---

[4]    The district court also dismissed Spence's hostile work environment claim, R.42:18-19, which is not at issue on appeal, Br. at 3.

MSPB decision are erroneous" R.42:23-24. The district court further explained that her "allegations linger on the minutiae of myriad seemingly irrelevant descriptions of correspondence between Spence and her supervisors about particular work assignments, rather than providing a coherent chronological retelling of the events underlying her termination, making it nearly impossible to discern the essential facts that underlie Plaintiffs' legal claims." *Id.* (cleaned up). The district court recognized that "Spence is representing herself," but explained that "*pro se* litigants must still comply with the Federal Rules of Civil Procedure." *Id.* Moreover, it reasoned, her "continued inability to submit a Complaint that abides by Rule 8's short and plain statement requirement is made worse by the fact that she is no ordinary pro se litigant; on the contrary, her Complaint was crafted and signed by a lawyer who has practiced for 36 years." *Id.* (cleaned up). Because this was Spence's "fifth attempt to articulate a sufficient claim," the district court "conclude[d] that she has exhausted her opportunities, and dismissal is appropriate." *Id.* (emphasis omitted).

Finally, the district court dismissed the action with prejudice, rather than give Spence yet another opportunity to amend her complaint. R.42:24-25. The district court noted that "it has given [Spence] repeated warnings and myriad opportunities to articulate a proper claim; indeed, her latest Complaint represents her fifth attempt." R.42:25. Moreover, it reasoned, "[a]s a licensed attorney for over 30 years, Spence is expected to be capable of following the Court's direction and stating a

proper cause of action that gives the [Department] fair notice of the claims against [it]." *Id.* The district court concluded that "[a]t some point, plaintiffs should not be permitted to impose further on their adversaries and the court system, both of which have finite resources. . . . The Court believes that the road should end here." *Id.*

## SUMMARY OF ARGUMENT

The district court acted consistent with precedent and well within its discretion in both setting reasonable pleading boundaries and then declining to give effect to Spence's latest violation of its orders limiting the length of her pleadings, by confining its analysis to the contents of Spence's amended complaint in resolving the Rule 12(b)(6) motion. Despite several warnings, Spence had repeatedly violated orders limiting the length of her pleadings. In responding to the Department's motion to dismiss, Spence conceded that her amended complaint did not plead facts sufficient to support several of her claims, blaming these shortcomings on the district court's orders imposing page limits on her pleadings. She then directed the district court to 129 pages of exhibits attached to her response, which she assured it would supply the missing factual allegations necessary to support her claims—the latest of her numerous attempts to violate the page limits on her pleadings.

Confining its analysis to the contents of Spence's pleading in resolving the Rule 12(b)(6) motion was reasonably tailored to Spence's misbehavior. The district court construed all the allegations in her amended complaint liberally, and looked

13

beyond her pleadings to her exhibits to assure itself of its jurisdiction over her Whistleblower Act claims, declining only to consider them in resolving the Rule 12(b)(6) motion. Spence's pro se status did not oblige the district court to look beyond her pleadings to resolve that motion—she is an attorney, and even pro se parties cannot evade procedural requirements through strategic pleading that burdens the district court and impedes litigation.

Turning to the merits, the district court correctly granted the Department summary judgment on Spence's claim under 38 U.S.C. § 714(e)(1), as substantial evidence supported the MSPB's finding that the Special Counsel had approved her removal. The district court also correctly dismissed several of Spence's claims as inadequately pled. Spence does not raise the dismissal of her Title VII and ADEA discrimination claims in her opening brief, and in any event, she did not plausibly allege that her race, sex, or age caused any of the challenged actions. As to her Title VII and ADEA retaliation claims, Spence did not plausibly allege that many of the challenged actions were materially adverse, or that any protected activity caused her removal. As to her Whistleblower Act retaliation claim, Spence did not plausibly allege that she had engaged in a protected activity, or that any such activity was a contributing factor to any challenged action. And as to her CSRA claim, Spence did not plausibly allege that she had applied for the position at issue, that the position was open only to Department attorneys, or that the Department had deceived her.

The district court's dismissal of Spence's challenge to the MSPB decision for violating Rule 8's "short and plain statement" requirement was comfortably within its discretion. That count was forty-one pages and 167 paragraphs long, recounted underlying facts out of chronological order, and generally was difficult to parse. Finally, the district court acted well within its discretion in dismissing the action with prejudice. Resort to lesser sanctions had already proven ineffective. The district court had given Spence numerous chances to amend her pleadings, even as she repeatedly violated its orders. Yet even on her fifth attempt to plead her claims, each of her claims was deficient, failing to plausibly allege entitlement to relief, violating Rule 8(a)'s "short and plain statement" requirement, or meriting summary judgment for the Department outright. After five unsuccessful attempts to plead her claims and many violations of its orders, Spence was not entitled to a sixth bite at the apple.

## STANDARDS OF REVIEW

This court reviews de novo both "a dismissal for failure to state a claim under Rule 12(b)(6)," *Payne v. Salazar*, 619 F.3d 56, 59 (D.C. Cir. 2010), and "a grant of summary judgment," *Mayorga v. Merdon*, 928 F.3d 84, 89 (D.C. Cir. 2019). This Court reviews for abuse of discretion a dismissal for violating Rule 8(a)'s "short and plain statement" requirement, where the district court's discretion is "considerable," *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004); a dismissal under Rule 41(b), where this Court's "task is extremely limited," *Hobson v. Wilson*, 737 F.2d 1, 45

(D.C. Cir. 1984); and dismissal with prejudice, *see United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1259 (D.C. Cir. 2004).

## ARGUMENT

### I. The District Court Acted Within its Discretion in Confining its Analysis to the Contents of pence's Amended Complaint in Resolving the <u>Rule 12(b)(6) Motion</u>

 A "district court possesses inherent powers . . . to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quotation marks omitted). "That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quotation marks omitted). "[T]he exercise of an inherent power must be a reasonable response to the problems and needs confronting the court's fair administration of justice." *Dietz*, 579 U.S. at 45 (quotation marks omitted). Rule 83 likewise authorizes a district court to "regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Fed. R. Civ. P. 83(b).

By confining its analysis to the body of the amended complaint in resolving the Rule 12(b)(6) motion, the district court reasonably declined to give effect to the latest of Spence's repeated violations of orders limiting the length of her pleadings, while adhering to ordinary standards applicable to evaluating pro se complaints. The district court. Despite numerous warnings, Spence repeatedly violated court orders

16

limiting her pleadings to fifty pages. The district court had ordered Spence to limit any amended complaint to fifty pages, Min. Order (July 20, 2021), but Spence immediately "violat[ed]" this order, Min. Order (Sept. 2, 2021), by attempting to file a 146-page amended complaint, R.23. When the district court gave Spence another chance to amend her complaint, Min. Order (July 20, 2021), she filed an amended complaint that appeared at a glance to be only fifty pages long, but in fact incorporated a separate fifty-seven page statement of facts, thus rendering it 107 pages long. R.24-1. Although the district court was "troubled by [Spence's] flagrant disregard for the limits the Court has imposed," it nonetheless gave her a "final" chance to amend her complaint. R.33.

Spence filed an amended complaint that was exactly fifty pages long. R.36. In responding to the Department's subsequent motion to dismiss, however, Spence conceded that her amended complaint failed to plead facts sufficient to support several of her claims, blaming these shortcomings on "the page limit sets by this Court." R.39:11. She then directed the district court to 129 pages of exhibits attached to her response, which she assured it would supply the missing allegations necessary to allege her claims plausibly—yet another attempt to circumvent the district court's orders imposing page limits on her pleadings. *Id.*; *see also Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) (rejecting an "attempt to evade [a procedural] rule by incorporating by reference an argument made at an earlier stage of the litigation . . . .

17

incorporation by reference can be used to evade word limits"); *Davis v. Pension Benefit Guar. Corp.*, 734 F.3d 1161, 1167 (D.C. Cir. 2013) (plaintiff "may not . . . incorporat[e] argument presented in the district court, as this would circumvent the court's rules regarding the length of briefs" (cleaned up)). Indeed, this Court has rejected a similar attempt to circumvent length limits on filings by incorporating external materials. In *Gerlich v. Department of Justice*, 711 F.3d 161, 173 (D.C. Cir. 2013), the plaintiffs purported to incorporate an earlier-filed document into their appellate brief, attempting to justify this tactic on the basis that "appellee's counsel would not consent to an extension of the 14,000–word space limitation." This Court rejected that argument, explaining that it "fails to reconcile its approach with our rules, or to persuade us that they could not have presented their challenge within the 14,000 words of their opening brief." *Id.* (citation omitted). So, too, here.[5]

Nor did Spence's pro se status obligate the district court to look beyond the contents of her pleadings. Although a district court generally must "consider a pro se litigant's complaint in light of all filings, including filings responsive to a motion to dismiss," *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir.

---

[5]    To the extent Spence argues that she did not improperly incorporate materials because she did not use the magic word "incorporate," that contention lacks merit. *See, e.g.*, *Northrop Grumman Info. Tech., Inc. v. United States*, 535 F.3d 1339, 1346 (Fed. Cir. 2008) (incorporation "does not require 'magic words'"); *Resol. Tr. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 25 F.3d 1493, 1499 (10th Cir. 1994) ("Phrases such as 'incorporated by reference' are not talismanic").

2015) (quotation marks omitted), the "additional latitude" a court "typically affords pro se litigants" is "unwarranted" for attorneys like Spence, who have "formal legal training" and "extensive litigation experience," *Mann v. Castiel*, 681 F.3d 368, 377 (D.C. Cir. 2012). Spence, unlike most pro se plaintiffs, is not "untrained in the law," *Alley v. Dodge Hotel*, 501 F.2d 880, 883 (D.C. Cir. 1974), and "as a law-trained individual, unlike the unsophisticated pro se litigant, can be presumed to have some acquaintance with the rules of the judicial process and the consequences risked by their infringement," *Bristol Petro. Corp. v. Harris*, 901 F.2d 165, 168 (D.C. Cir. 1990). As "a member of the bar" who has "practiced law for some [36] years," she is "a particularly poor candidate for special treatment." *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194-95 (D.C. Cir. 1983). Holding her pleadings to the standards for "pleadings drafted by lawyers" thus hardly is unfair—they were, in fact, drafted by a lawyer. *Abdelfattah v. Dep't of Homeland Sec.*, 787 F.3d 524, 533 (D.C. Cir. 2015).

Treating Spence like a normal pro se party thus would ignore the very purpose of treating pro se parties leniently—ensuring that they are not "treated more harshly than litigants who . . . retain lawyers to advise and represent them." *Camps v. C&P Tel. Co.*, 692 F.2d 120, 123 (D.C. Cir. 1981). The district court recognized as much, observing that "Spence is no ordinary pro se plaintiff," but "an attorney for 36 years" who "spent over a decade working as a senior attorney at the [Department]," and that "her Complaint was crafted and signed by a lawyer." R.42:8, 24 (cleaned up).

19

Significantly, even ordinary pro se parties cannot engage in gamesmanship to circumvent procedural rules, as Spence repeatedly had done. Pro se litigants may not resort to "strategic pleading" in order "to evade" procedural "requirements." *Banks v. Booth*, 3 F.4th 445, 449 (D.C. Cir. 2021). Spence's pro se status thus is no excuse for her conceded reliance on materials outside her pleadings to evade "the page limits set by" the district court. R.39:11; *Banks*, 3 F.4th at 449. Just as "pro se litigants do not have a license to ignore the" Rules, *Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020) (quotation marks omitted), nor may they "disregard the rules of procedure," *United States v. Sanchez*, 88 F.3d 1243, 1248 (D.C. Cir. 1996), *abrogated on other grounds*, *Peguero v. United States*, 526 U.S. 23 (1999), such as court-ordered limits on pleading lengths.

Notably, the district court did not deprive Spence of the benefits of pro se treatment entirely —only in the manner and to the degree that her repeated violations of its orders merited. The district court construed the allegations in her amended complaint "especially liberally" in light of her pro se status and looked to materials beyond her pleadings to conclude that she properly exhausted her Whistleblower Act claims, and thus, assure itself of its jurisdiction over those claims. R.42:8, 10-11. Refusing to indulge Spence's latest violation of its orders imposing page limits on her pleadings, while continuing to grant her the benefit of pro se treatment in all other respects, was reasonably tailored to the particular "problems and needs

20

confronting the court's fair administration of justice" that Spence's misbehavior created. *Dietz*, 579 U.S. at 45.[6]

Spence's argument that pro se civil rights claims must "be treated with greater liberality," Br. at 11, is incorrect. The requirement that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" is "the pleading standard for all civil actions," including "discrimination suits," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted), and this Court has applied it to employment claims repeatedly. *See, e.g.*, *Pueschel v. Chao*, 955 F.3d 163, 167 (D.C. Cir. 2020); *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 70 (D.C. Cir. 2015); *Howard R.L. Cook & Tommy Shaw Found. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013); *cf. United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 882 (D.C. Cir. 2010) (rejecting argument that would let plaintiff "circumvent the recent teachings of *Iqbal*"). Spence's reliance on *MacLeod v. Georgetown University Medical Center*, 736 A.2d 977, 981 (D.C. 1999), for a contrary argument is misplaced as decisions of the District of Columbia Court of Appeals do not bind this Court on matters of federal law, *see Laurel Baye*

---

[6]      For these reasons, this Court's decisions reserving the question of whether or not courts must liberally construe pleadings by pro se attorneys and/or others with formal legal training, *see Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000), are inapposite, and the Court need not address that question here.

21

*Healthcare of Lake Lanier, Inc. v. NLRB*, 564 F.3d 469, 476 (D.C. Cir. 2009) ("We are bound only by the decisions of our circuit and the Supreme Court.").

Finally, for all the reasons explained above, the district court acted within its discretion in declining to take judicial notice of materials beyond Spence's pleadings in resolving the Rule 12(b)(6) motion, either. Whether or not to take judicial notice falls within a district court's sound discretion. *See Whiting v. Am. Ass'n of Retired Persons*, 637 F.3d 355, 364 (D.C. Cir. 2011) ("The district court did not abuse its discretion in denying Whiting's motion for judicial notice of materials"); *In re Sealed Case*, 624 F.3d 482, 489 n.4 (D.C. Cir. 2010) ("the district court denied [the] request to take judicial notice, in its discretion" (quotation marks omitted)). The district court acted within its discretion in declining to take judicial notice of matters beyond Spence's pleadings in resolving the Rule 12(b)(6) motion, as that would have given effect to her latest violation of its orders limiting the length of her pleadings. *See Goldfarb v. Mayor*, 791 F.3d 500, 511 (4th Cir. 2015) ("judicial notice must not be used as an expedient for courts to consider matters beyond the pleadings" (quotation marks omitted)); *Ansfield v. Omnicare, Inc.*, 769 F.3d 455, 467 (6th Cir. 2014) (party "cannot use its application for judicial notice as a vehicle to circumvent the Federal Rules of Civil Procedure"); *Am. Stores Co. v. Comm'r*, 170 F.3d 1267, 1270 (10th Cir. 1999) ("Judicial notice is not a talisman by which gaps in a litigant's evidentiary presentation may be repaired on appeal" (cleaned up)).

## II. The District Court Correctly Granted the Department Summary Judgment on Spence's Claim Under 38 U.S.C. § 714(e)(1)

When a Department employee seeks corrective action from the Special Counsel based on an alleged prohibited personnel practice, the Department "may not remove, demote, or suspend such covered individual . . . without the approval of the Special Counsel." 38 U.S.C. § 714(e)(1). Substantial evidence supports the MSPB's finding that the Special Counsel had approved Spence's removal. On October 2, 2018, a Senior Advisor in the Office of Accountability and Whistleblower Protection informed a Department attorney that an inquiry about Spence "remains open with" the Special Counsel. R.20-11:14. Then, on October 24, 2018, the Senior Advisor wrote, "[t]he inquiry is complete. Neither [the Special Counsel] nor [his office] will continue to hold the action proposed under 714. The proposal is clear to proceed. . . . there are no further impediments under 714(e)." *Id.* The Department fired Spence the next day. R.20-11:12. This sequence of events furnishes substantial evidence that the Special Counsel approved Spence's removal. *See Spirit Airlines, Inc. v. Dep't of Transp.*, 997 F.3d 1247, 1255 (D.C. Cir. 2021) ("The substantial-evidence standard requires such evidence as a reasonable mind might accept as adequate to support a conclusion." (quotation marks omitted)); *Gulf S. Pipeline Co., LP v. FERC*, 955 F.3d 1001, 1008 (D.C. Cir. 2020) (substantial evidence "requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence").

Spence's counterarguments lack merit. She notes that "[t]he record is devoid of any communication from the [Special Counsel] which show that [it] gave the [Department] approval to proceed with [her] termination," Br. at 21, but under the substantial evidence rule, "[c]ircumstantial evidence is . . . sufficient," and "direct evidence of a fact is not required." *L&J Energy Co., Inc. v. Sec'y of Lab.*, 57 F.3d 1086, 1088 n.4 (D.C. Cir. 1995). Nor does it matter that the Senior Advisor's words were hearsay, which is admissible in MSPB proceedings. *See Hoska v. Dep't of Army*, 677 F.2d 131, 139 (D.C. Cir. 1982). Spence's argument that a factual dispute as to whether the Special Counsel approved her removal exists, Br. at 23, misstates summary judgment's nature in the context of administrative record review, where "[t]he entire case on review is a question of law," so there are no "factual" disputes, but "only arguments about the legal conclusion to be drawn about the agency action" such as whether substantial evidence supports the agency's factual findings. *Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009). Spence thus was not entitled to "augment the agency's record with either discovery or testimony." *Id.* (cleaned up). As such, the district court correctly granted the Department summary judgment.

## III.   The Dismissal of Spence's Discrimination Claims Merits Affirmance

Spence forfeited any challenge to the dismissal of her discrimination claims by failing to raise such arguments in her opening brief, and regardless, she did not plausibly allege that any of her protected traits caused any of the challenged actions.

### A.    Spence Forfeited Any Challenge to the Dismissal of Discrimination Claims by Failing to Raise Such Arguments in Her Opening Brief

As a threshold matter, Spence forfeited any challenge to the district court's dismissal of her race, sex, and age discrimination claims by failing to raise these arguments in her opening brief. "A party forfeits an argument by failing to raise it in his opening brief." *Al-Tamimi*, 916 F.3d at 6. Although Spence challenges various aspects of the district court's ruling in her opening brief, she does not challenge the dismissal of her race, sex, and/or age discrimination claims. At most, she mentions any discrimination argument only "in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones," which does not suffice to raise an issue. *Id.* (cleaned up). Spence thus forfeits any challenge to the dismissal of her discrimination claims.

### B.    Spence Did Not Plausibly Allege that Her Race, Sex, or Age Caused Any of the Challenged Actions

Regardless, the district court correctly concluded that Spence did not plausibly allege that her race, sex, or age caused any of the challenged actions. Title VII provides that "[a]ll personnel actions affecting [certain federal] employees . . . shall be made free from any discrimination based on race" or "sex." 42 U.S.C. § 2000e-16(a). The ADEA likewise provides that "[a]ll personnel actions affecting [certain federal] employees . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). The Whistleblower Act incorporates these anti-discrimination

provisions. 5 U.S.C. § 2302(b)(1)(A)-(B). Under Title VII and the ADEA, "the two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race," "sex," or "age." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008).

Spence did not plausibly allege that her race, sex, and/or age caused any of the challenged actions. In her entire amended complaint, she mentioned these traits only twice—once on the second page, in identifying herself as a "Black . . . female . . . over 40," and once on the fifth page, in describing herself as "a Black female over 40." R.36:2, 5. And she pleads no facts to support a plausible inference that her race, sex, or age caused any of the challenged actions. At most, Spence offers "mere conclusory statements" to that effect, which do not suffice to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Spence thus did not plausibly allege that her race, sex, or age caused any of the challenged actions. *See Baloch*, 550 F.3d at 1196; *McKinney v. Dole*, 765 F.2d 1129, 1144 (D.C. Cir. 1985) (Starr, J., concurring in part and dissenting in part) ("Plaintiff has nowhere suggested that the incidents complained of took place because she is a woman, or that the officials involved were motivated by improper discriminatory reasons"); *Simpson v. Borg-Warner Auto., Inc.*, 196 F.3d 873, 878 (7th Cir. 1999) (the "fact that she is a woman is insufficient to support an inference that the action was gender-motivated"). Spence did not plausibly allege that her protected traits caused any challenged action.

26

## IV.   Spence Did Not Plausibly Allege a Title VII or ADEA Retaliation Claim

Nor did Spence plausibly allege a Title VII or ADEA retaliation claim. Title VII makes it "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [s]he has opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3(a). The ADEA likewise makes it "unlawful for an employer to discriminate against any of [its] employees . . . because such individual . . . has opposed any practice made unlawful by" the ADEA. 29 U.S.C. § 633a(d). To state a retaliation claim under these statutes, a plaintiff must plausibly allege that (1) she "engaged in statutorily protected activity," (2) she "suffered a materially adverse action by [her] employer," and (3) "a causal link connects the two." *Billington*, 737 F.3d at 772 (Title VII); *see also Paquin v. Fed. Nat'l Mortg. Ass'n*, 119 F.3d 23, 31 (D.C. Cir. 1997) (same under ADEA). As the district court correctly concluded, Spence did not plausibly allege that many of the challenged actions were materially adverse, or that any protected activity caused any of the challenged actions.

### A.   Spence Did Not Plausibly Allege that Many of the Challenged Actions Were Materially Adverse

An action is materially adverse only if it "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). To satisfy this standard, an action must produce "an injury or harm." *Id.* at 67. Title VII's anti-retaliation provision

requires "material adversity . . . to separate significant from trivial harms," as "Title VII . . . does not set forth a general civility code for the American workplace." *Id.* at 68 (cleaned up). This is "[a]n objective standard," and so does not turn on "subjective feelings." *Id.* at 68-69. As such, "not everything that makes an employee unhappy is [materially] adverse." *Bridgeforth v. Jewell*, 721 F.3d 661, 663 (D.C. Cir. 2013). As explained further below, Spence did not plausibly allege that many of the challenged actions were materially adverse.

*First*, Spence alleged that Cornish "required only [her] to email her each day . . . to state when her workday started." R.36:3. But Spence does not explain how this action caused her "an injury or harm." *Burlington N.*, 548 U.S. at 67. Rather, closely monitoring an employee's work activities is one of the "minor annoyances that often take place at work and that all employees experience." *Id.* at 68. Indeed, this Court has held that an analogous action—"requir[ing]" an employee "to submit biweekly reports on the status of her work"—is not materially adverse, *Taylor v. Solis*, 571 F.3d 1313, 1321 (D.C. Cir. 2009), and Spence pleads no facts to support a plausible inference that Cornish's daily email requirement is meaningfully likelier to dissuade a reasonable worker from making or supporting a charge discrimination.

*Second*, Spence alleges that Cornish "denied [her] request to change her duty hours." R.36:3. But she pleads no facts to support a plausible inference that any such denial was materially adverse. A "schedule change" is the paradigmatic example of

an action that may or may not be materially adverse in a specific context, depending on the particular circumstances at hand—it "may make little difference to many workers, but may matter enormously" to others. *Burlington N.*, 548 U.S. at 69. For that reason, whether a plaintiff plausibly alleges that the denial of a requested change in duty hours is materially adverse turns sharply on the specific facts that she pleads about the context surrounding that denial. Because Spence pleads no facts about the denial at all, she necessarily does not plausibly allege that it was materially adverse.

*Third*, Spence alleges that Cornish issued her "a written counseling," "a letter of admonishment," and "a counseling letter." R.36:3. But this Court has squarely held that actions such as these are not materially adverse, and Spence pleads no facts to support a different result here. *See Durant v. District of Columbia*, 875 F.3d 685, 698 (D.C. Cir. 2017) ("A reprimand letter setting forth allegations of deficient work performance is not a materially adverse action absent a showing that the letter would have dissuaded a reasonable employee from engaging in protected activity"); *see also Baloch*, 550 F.3d at 1199 (a "letter of counseling, letter of reprimand, and unsatisfactory performance review" were not materially adverse, as they "contained no abusive language, but rather job-related constructive criticism").

*Fourth*, Spence alleges that Cornish "issued [her] a proposed three-day suspension." R.36:4. But this Court has held that a "proposed . . . suspension [that]

29

is not actually served" is not materially adverse, *Baloch*, 550 F.3d at 1199, and Spence does not allege (much less plausibly so) that she ever served the suspension.

*Fifth*, Spence alleges that Cornish "issued [her] a 'Fully Successful' rating." R.36:3. But "for a performance evaluation to be materially adverse, it must affect the employee's 'position, grade level, salary, or promotion opportunities.'" *Taylor*, 571 F.3d at 1321 (quoting *Baloch*, 550 F.3d at 1199); *see also Bridgeforth*, 721 F.3d at 664 ("lowering an employee's performance evaluation could be materially adverse action if the lowered score resulted in the employee not receiving a cash award"). In *Taylor*, this Court concluded that an employee's "bare, conclusory allegation that she was denied promotional and bonus opportunities as a result" of a "Fully Effective" performance rating did "not discharge her burden to show the evaluations were attached to financial harms." 571 F.3d at 1321 (cleaned up). Spence offers even less here—she does not allege (much less plausibly so) that her "Fully Successful" performance rating affected her position, grade level, salary, or promotional opportunities. R.36:3. Although she insists that her "Fully Successful" performance rating "ultimately led to [her] termination," Br. at 16, she does not plead this fact in her amended complaint, much less plausibly so. Accordingly, she does not plausibly allege that her performance rating was materially adverse.

*Sixth*, Spence alleges that Cornish "failed to timely approve" her "leave request." R.36:3. But she does not plausibly allege that this delay amounted to more

than a "minor annoyance," and "produce[d] an injury or harm." *Burlington N.*, 548 U.S. at 68. Regardless, Spence's use of the term "timely," R.36:3, implies that Cornish later approved the request, and thus "cure[d]" the denial "before [it] became the subject of litigation." *Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003).

*Seventh*, Spence alleges that Cornish excluded her from a meeting with clients and a phone call with attorneys from the Department of Justice. R.36:4. But Spence pleads no facts about these actions, and thus fails to support a plausible inference that they went beyond "petty slights" or a "simple lack of good manners." *Burlington N.*, 548 U.S. at 68; *see also Gray v. Foxx*, 637 F. App'x 603, 608 (D.C. Cir. 2015) ("Gray offers no evidence that her exclusion from meeting the new director amounted to anything more than a trivial harm"); *cf. Drielak v. Pruitt*, 890 F.3d 297, 300 (D.C. Cir. 2018) (no objectively tangible harm where appellant "was not invited to a meeting but continued to attend others"); *Forkkio v. Powell*, 306 F.3d 1127, 1131 (D.C. Cir. 2002) ("That [appellant] no longer attended management meetings" was "not sufficiently significant to amount to "materially adverse consequences").

None of this is to say that a plaintiff never can plausibly allege that actions of the sort that Spence challenges can "dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N.*, 548 U.S. at 57. But Spence's threadbare, conclusory allegations regarding the challenged actions in her amended complaint do not support a plausible inference that the actions here were materially

adverse. Finally, while Spence points to certain other "adverse employment actions" that she ostensibly identified in her response to the Department's motion to dismiss and the exhibits thereto, Br. at 14-16, the district court acted within its discretion, as explained, in confining its analysis to the contents of her pleadings. *See supra* § I; *see also Nat'l Fed. of Fed. Emps. v. Cheney*, 883 F.2d 1038, 1041 (D.C. Cir. 1989) ("Because appellants failed to raise this allegation in their complaint before the District Court, the issue was not before that Court.").

### B.    Spence Did Not Plausibly Allege that Any Protected Activity Caused Her Removal

The district court also correctly concluded that Spence did not plausibly allege that any protected activity caused her removal. Spence alleges that she "filed an [EEO] complaint against the Agency on November 6, 2017," received a "Proposed Removal on September 11, 2018," and was removed on "October 30, 2018," R.36:4, but pleads no facts to support a plausible inference that her EEO complaint caused her removal. While "temporal proximity can [sometimes] support an inference of causation," it can do so "only where the two events are very close in time." *Hamilton v. Geithner*, 666 F.3d 1344, 1357 (D.C. Cir. 2012) (cleaned up). A time gap of three or four months generally is too long to allow an inference of causation. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam). Indeed, this Court has concluded that an inference of causation "based upon the mere proximity in time between" events "two and one-half months [apart] would be untenable,"

32

*Taylor*, 571 F.3d at 1322, and has summarily affirmed a decision concluding that a nearly-three-month gap "clearly pushes the temporal requirement in a retaliation case to its outer limit," *Gustave-Schmidt v. Chao*, 360 F. Supp. 2d 105, 118-19 (D.D.C. 2004), *aff'd*, No. 04-5181, 2004 WL 2348142 (D.C. Cir. Oct. 19, 2004).

The over-ten-month gap between Spence's protected activity and proposed removal is far too long to support a plausible inference of causation. Spence does not dispute this point, forfeiting any counterargument. *See Al-Tamimi*, 916 F.3d at 6. She argues only that other protected activities that she undertook closer in time to her proposed removal support an inference of causation. Br. at 16-17. But she failed to plead any such facts in her amended complaint. *See Cheney*, 883 F.2d at 1041. While Spence purported to identify some of these ostensible protected activities in her response to the Rule 12(b)(6) motion, R.39:28-31, the district court acted within its discretion in confining its analysis to the contents of Spence's pleadings. *See supra* § I. Regardless, the latest in time of those activities occurred on May 30, 2018, R.39:30, over three months before her proposed removal on September 11, 2018, R.36:2—too great a gap to support a plausible inference of causation. *See Breeden*, 532 U.S. at 273; *Hamilton*, 666 F.3d at 1357; *Taylor*, 571 F.3d at 1322. Although temporal proximity is not the only kind of evidence that can support a plausible inference of causation, Spence pleaded no other facts to support such an inference. She thus did not plausibly allege that any protected activity caused her removal.

## V.    Spence Did Not Plausibly Allege a Whistleblower Act Claim

The district court correctly concluded that Spence did not state a plausible Whistleblower Act claim.[7] Under the Whistleblower Act, a plaintiff must "show that her protected disclosures were a 'contributing factor in [a challenged] personnel action.'" *Marcato v. Agency for Int'l Dev.*, 11 F.4th 781, 783 (D.C. Cir. 2021) (quoting 5 U.S.C. § 1221(e)(1)). A protected disclosure includes, as relevant here, "any disclosure of information by an employee . . . which [she] reasonably believes evidences" (1) "any violation of any law, rule, or regulation," or (2) "gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A). An employee can show that a protected activity was a contributing factor to a personnel action "through circumstantial evidence, including evidence that an official took the personnel action shortly after learning of the disclosure." *Marcato*, 11 F.4th at 783 (quotation marks omitted). But Spence did not plausibly allege that she engaged in any protected activity, or that such activity was a contributing factor to her removal.

---

[7]    Nor did Spence plausibly allege that her EEO complaint caused Cornish to require her (and only her) to email Cornish every day to tell state when her workday started. R.36:2. Cornish began requiring Spence to send these emails on November 1, 2017, five days before Spence filed her EEO complaint. *See id.*; *see also Breeden*, 532 U.S. at 272 (an employer's "proceeding along lines previously contemplated . . . is no evidence whatever of causality").

## A. Spence Did Not Plausibly Allege that She Had Engaged in a Protected Activity

Spence did not plausibly allege that she engaged in protected activity.[8] While she alleged that the Department retaliated against her for disclosing "that attorneys from the [Army] were unlawfully hired as GS-15 trial attorneys," R.36:5, she failed to explain how such hirings violated any law, rule, or regulation, or amounted to gross mismanagement, a gross waste of funds, or any other action that could support a protected disclosure. 5 U.S.C. § 2302(b)(8)(A). She alleges only that "the attorneys [were] granted preferences or advantages not authorized by law, rule or regulation to improve their prospect of employment," R.35:6, but she did not specify the laws, rules, or regulations that the hirings ostensibly violated, or explain how the hirings ostensibly violated them. Without more, her bald assertion that the Army attorneys' hirings violated unspecified laws, rules, or regulations, in some unspecified way, is precisely the sort of "legal conclusion couched as a factual allegation" that does not suffice to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

## B. Spence Did Not Plausibly Allege that Any Protected Activity Was a Contributing Factor to Her Removal

Spence likewise did not plausibly allege that any protected activity was a contributing factor to her removal. Spence cannot rely on mere temporal proximity,

---

[8]     The district court did not dismiss Spence's WPA claim on this basis, but this Court "may affirm on any ground supported by the record." *Webster v. Del Toro*, 49 F.4th 562, 565 (D.C. Cir. 2022).

35

as she does not specify when she engaged in any protected activity—only that she did so at some unspecified points in time in "2017 and 2018." R.36:2 As the district court explained, "[w]ithout knowing the precise dates of her complaints, and because Spence pleads no other facts that would provide direct evidence of retaliation, this Court cannot possibly make 'an inference of causation' necessary to sustain her claim." R.42:17 (quoting *Harris*, 791 F.3d at 69); *cf. Petzold v. Rostollan*, 946 F.3d 242, 252 (5th Cir. 2019) ("To prove intent and causation, [a plaintiff] must at least establish a chronology of events from which retaliation may be plausibly inferred"); *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001) ("failure to set forth a time frame for the alleged events . . . precludes inference of a causal relationship"); *Jones v. Unity Behavioral Health, LLC*, No. 20-14265, 2021 WL 5495578, at *3 (11th Cir. Nov. 23, 2021) ("Nor does the amended complaint offers details to show when the alleged protected activity occurred in relation to the plaintiffs' termination, so it doesn't permit an inference of causation based on temporal proximity"); *Livingston v. Borough*, 223 F. App'x 84, 88 (3d Cir. 2007) (plaintiffs "failed to provide a precise chronology of events; no reasonable jury could infer causation based solely on such a vague temporal connection").

This conclusion follows from Spence's burden to plausibly allege entitlement to relief. At the motion to dismiss stage, a plaintiff is not entitled to all conceivable inferences that a court may draw from her complaint—only those inferences that are

"reasonable." *Iqbal*, 556 U.S. at 678; *see also City of Harper Woods v. Olver*, 589 F.3d 1292, 1298 (D.C. Cir. 2009) (a court "need not accept inferences unsupported by facts."). Temporal proximity is not itself direct evidence of causation, but at most may, under the appropriate circumstances, "raise an inference of causation." *Harris*, 791 F.3d at 69. To say that a court must infer temporal proximity where a plaintiff has failed to plead it, and then in turn rely on that inference to further infer causation would pile inference upon inference in such a manner as to excuse the plaintiff from her obligation to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation marks omitted).

Finally, as with her Title VII and ADEA retaliation claims, Spence purported to specify the dates on which her protected activities occurred in her response to the Rule 12(b)(6) motion, R.39:28-31, but the district court acted within its discretion in confining its analysis to the contents of her pleadings. *See supra* § I. Regardless, the latest of these occurred on May 30, 2018, R.39:30, over three months before her proposed removal, R.36:2, too long to suggest causation. *See supra* § IV.B.

## VI.     Spence Did Not Plausibly Allege a CSRA Claim

The district court correctly concluded that Spence did not plausibly allege a CSRA claim. She alleged, in her words, that "she was deceived with respect to her right to compete for employment when Army attorneys were hired at the GS-15 level to perform the same work as [her] under a [job opening announcement] intended for

[Department] attorneys which resulted in the attorneys being granted preferences or advantages not authorized by law, rule or regulation to improve their prospect of employment." R.36:6. But she does not allege that she even applied for the position, which precludes her from raising a non-selection as to it.[9] *See Lathram v. Snow*, 336 F.3d 1085, 1089 (D.C. Cir. 2003) (non-selection claim was "defeated by [plaintiff's] failure to apply for that position," given that plaintiff "conceded that [the employer] had advertised the opening, that she had known about it, and that she neither applied nor expressed an interest in applying for it"). "Although there is an exception to this requirement when such an application would have been futile," Spence pled no facts "to support the applicability of that exception and does not assert it on appeal." *Id.*

In any event, Spence does not explain how the Department deceived her. Her "unadorned, the-defendant-unlawfully-harmed-me accusation" of deception is due no weight. *Iqbal*, 556 U.S. at 678. Nor does Spence plausibly allege that the position at issue was open only to Department attorneys, or that the Army attorneys hired for it were granted preferences or advantages not authorized by law, rule, or regulation,

---

[9]    In her original complaint, Spence went even further and affirmatively alleged that she did not apply for the position. R.1:90-91. That allegation is subject to judicial notice, as Spence cannot reasonably dispute the accuracy of her own prior pleading. *See* Fed. R. Evid. 201(b); *Fischer v. Resol. Tr. Corp.*, 59 F.3d 1344, 1350 (D.C. Cir. 1995) ("It is hardly open to [a party] to ignore its own allegations"); *Altemus v. Talmadge*, 58 F.2d 874, 877 (D.C. Cir. 1932) ("To permit a party to plead a certain definite state of facts and then afterwards to deny them to the injury of the party relying on them is contrary to settled principles of law.").

offering only conclusory assertions to that effect. *See supra* § V.A; *Iqbal*, 556 U.S. at 678. And to the extent that she alleges merely "the law . . . has not been followed," she lacks both standing, *Lance v. Coffman*, 549 U.S. 437, 442 (2007), and a cause of action, 5 U.S.C. § 1221(e)(1), to raise such a claim.

## VII.    The District Court Acted Within its Discretion in Dismissing Spence's Challenge to the MSPB Decision for Violating Rule 8's "Short and Plain Statement" Requirement

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [these] Rules . . . underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky*, 355 F.3d at 669. "Enforcing [them] is largely a matter for the trial court's discretion," which is "considerable." *Id.* "If the plaintiff fails . . . to comply with" these Rules, "a defendant may move to dismiss . . . any claim against it." Fed. R. Civ. P. 41(b).

"[T]he proper length and level of clarity for a pleading" generally "is left for the discretion of the trial court," based on "the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Charles A. Wright et al., *Federal Practice & Procedure* § 1217 (4th ed. Apr. 2023 update). "The judicial tendency is to disregard the deficiencies of a lengthy, unorganized complaint." *Id.* Thus, a "party

39

should seek to frame [ ] allegations as directly as possible; redundancy and verbosity are to be strictly avoided." *Id.* § 1281. As then-Judge Ketanji Brown Jackson has explained, "a complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8's] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (quotation marks omitted).

The district court acted within its discretion in dismissing Spence's challenge to the MSPB decision. That count did not offer "a short and plain statement" showing that Spence is entitled to relief, nor was it "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). To the contrary, it was a sprawling, unfocused odyssey spanning forty-one pages and 167 paragraphs. This Court has affirmed the dismissal of similarly, or even less, prolix and unwieldy pleadings. *See, e.g.*, *Chennareddy v. Dodaro*, 697 F. App'x 704, 704 (D.C. Cir. 2017) (56 pages); *Adams v. Dep't of Treasury*, 594 F. App'x 1, 1 (D.C. Cir. 2015) (40 pages, as well as numerous exhibits); *McCann v. Clark*, 191 F.2d 476, 476 (D.C. Cir. 1951) (14 pages); *Renshaw v. Renshaw*, 153 F.2d 310, 311 (D.C. Cir. 1946) (14 pages with 17 pages of exhibits); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378

(7th Cir. 2003) ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter").

The "disorganized and convoluted nature of [Spence's] allegations" merited dismissal as well. R.36:23. "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Ciralsky*, 355 F.3d at 669. As such, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Garst*, 328 F.3d at 378. But Spence's challenge to the MSPB decision "require[d] great perspicacity to construe," R.36:24—it began *in media res*, presented facts out of chronological order, and presumed an unreasonable degree of familiarity with them. As the district court put it, "Spence dives into block quotes from the MSPB decision or administrative record, then comes up for air to argue that the quoted portions of the MSPB decision are erroneous." *Id.* Spence's "allegations linger on the minutiae of myriad seemingly irrelevant descriptions of correspondence between [her] and her supervisors about particular work assignments, rather than providing a coherent chronological retelling of the events underlying her termination, making it nearly impossible to discern the essential facts that underlie [her] legal claims." R.36:24 (cleaned up); *see also Chennareddy*, 697 F. App'x at 706 (a "disjointed, voluminous," and "lengthy" pleading with "narrative, argumentative style" merited

dismissal); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (quotation marks omitted), *cited with approval in Ciralsky*, 355 F.3d at 668 (affirming dismissal where pleading was "argumentative, prolix, replete with redundancy, and largely irrelevant . . . consist[ing] largely of immaterial background information").

Spence's pro se status does not relieve her from Rule 8(a)(2)'s "short and plain statement" requirement. As noted earlier, "pro se litigants do not have a license to ignore the Federal Rules of Civil Procedure." *Oviedo*, 948 F.3d at 397 (quotation marks omitted); *accord Sanchez*, 88 F.3d at 1248 (pro se party cannot "disregard the rules of procedure"). And again, Spence was no ordinary pro se party—as a lawyer, she "can be presumed to have some acquaintance with the rules of the judicial process and the consequences risked by their infringement." *Harris*, 901 F.2d at 168.

Spence's remaining arguments are unpersuasive. She argues that she pleaded her facts in "chronological order . . . to the greatest extent practicable," Br. at 25, but any chronology is wholly indiscernible. She also makes a cluster of argument to the collective effect that she had to plead as much as she did to state a plausible claim to relief, Br. at 23-25, but she plainly did not need forty-one pages and 167 paragraphs to state a plausible challenge to the MSPB's affirmance of her removal, which is not an especially novel or complicated claim. Spence cannot invoke Rule 12(b)(6) as an excuse for violating Rule 8(a)(2), which "is a basis for dismissal independent of Rule 12(b)(6)." *Renne*, 84 F.3d at 1179. For all these reasons, the

district court acted well within its discretion in dismissing Spence's challenge to the MSPB decision for violating Rule 8(a)(2)'s "short and plain statement" requirement.

## VIII. The District Court Acted Well Within its Discretion in Dismissing the Action With Prejudice

"If the plaintiff fails to prosecute or to comply with [the Rules] or a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). Rule 41(b) reflects the reality that "district courts need powerful tools to manage their dockets, prevent undue delay, and sanction those who abuse the system." *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1021 (D.C. Cir. 2004). "If district courts judges are to discharge their heavy case processing responsibilities effectively, their power to dismiss must be more than theoretical." *Harris*, 901 F.2d at 167 (cleaned up).

Dismissal with prejudice is proper "if the conduct is egregious and less dire alternatives have not worked." *Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819 F.3d 476, 483 (D.C. Cir. 2016) (quotation marks omitted); *accord Gardner v. United States*, 211 F.3d 1305, 1309 (D.C. Cir. 2000) (dismissal with prejudice proper "after unfruitful resort to lesser sanctions"). That is because "the federal courts are far less charitable when one or more amended pleadings already have been filed with no measurable increase in clarity." Wright et al., *supra*, § 1217. While a district court "should first consider less drastic alternatives," it "need not exhaust them all before finally dismissing" with prejudice. *Renne*, 84 F.3d at 1178.

The district court acted well within its discretion in dismissing with prejudice. Even as Spence persistently violated the district court's orders despite its "repeated warnings," the district court provided her "myriad opportunities to articulate a proper claim," R.42:25, but she repeatedly failed to do so. Even on Spence's fifth attempt, each of her claims were deficient, failing to plausibly allege entitlement to relief, violating Rule 8(a)'s "short and plain statement" requirement, or meriting summary judgment for the Department outright. *See Johnson*, 353 F.3d at 1022 (whether "less drastic sanctions" would "be ineffective" is "most important" factor in dismissing with prejudice); *Chennareddy*, 697 F. App'x at 705 (plaintiff "failed to satisfy basic pleading standards" despite "explicit warning" and "ample opportunities to amend [her] complaint"); *Renne*, 84 F.3d at 1178-79 (district court "permitt[ed] plaintiffs to replead twice"); *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993), *cited with approval*, *Ciralsky*, 355 F.3d at 668 (a "faulty pleading was not [plaintiffs'] first, but an amended version that had changed only superficially from the [prior] complaint").

Spence's persistent violations of orders limiting the length of her pleadings, even after multiple warnings, only reinforced that dismissal with prejudice was proper. *See Johnson*, 353 F.3d at 1022 ("a pattern of negligent or willful disregard of court orders" favors dismissal with prejudice); *Renne*, 84 F.3d at 1178-79 (district court "decided based on plaintiffs' violation of his previous orders that repleading

44

would be futile"); *Kuehl*, 8 F.3d at 908 (district court "had before it a flouted order and no indication that plaintiffs were ready to conform to Rule 8(a)'s requirements").

Spence's attempts to minimize her pleading defects and violations of court orders are unpersuasive. She claims that she initially "believed the Court's 50-page limit applied to Count VI and not the entire Amended Complaint," Br. at 27 n.4, but the district court had said in no unclear terms that "an amended complaint shall be no longer than 50 pages," not just Count VI. Min. Order (July 30, 2021). Her claim that she "drastically reduced her Amended Complaint and Count VI in particular to ensure compliance with the district court's 50-page limit," Br. at 29, meanwhile, is self-evidently incorrect. While she no longer purports to incorporate the fifty-seven-page statement of facts, her amended complaint otherwise is the same length as her most recent prior pleading—fifty pages. R.24-2, 36. And the operative version of her challenge to the MSPB decision is only two pages shorter than the last version— forty-one versus forty-three pages, R.24-2:8-50 R.36:8-49, still too long to state the claim "short[ly] and plain[ly]," let alone "simpl[y], concise[ly], and direct[ly]." Fed. R. Civ. P. 8(a)(2), (d)(1); *see also Ciralsky*, 355 F.3d at 669 (even after amendment "the complaint still remained quite long—a point that is more than simply a matter of aesthetics"). She decries the page limit on her pleadings as "austere," Br. at 29, but it was reasonable to expect her to plead conventional employment claims in fifty

pages or less. Finally, her pro se status is immaterial— "a lawyer may be presumed to be familiar with Rule 41(b)'s dismissal sanction." *Camps*, 692 F.2d at 124.

The district court had exhausted lesser sanctions and given Spence numerous opportunities to amend her pleadings, even as she repeatedly defied its orders. But after five unsuccessful attempts to plead her claims, there was little reason to believe that Spence would file an adequate pleading on her sixth try. In these circumstances, dismissal with prejudice fell comfortably within the district court's discretion.

\*     \*     \*

**CONCLUSION**

This Court should affirm the district court's judgment.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

BRIAN P. HUDAK
JANE M. LYONS
Assistant United States Attorneys

/s/ *Bradley G. Silverman*
BRADLEY G. SILVERMAN
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

Dated:  June 21, 2023

**CERTIFICATE OF COMPLIANCE WITH FRAP 32(g)(1)**

The text for this Brief of Appellees is prepared using Times New Roman 14

point font, and—omitting those items described in Fed. R. App. P. 32(f) and D.C.

Cir. R. 32(e)(1)—contains 11,757 words, as counted by Microsoft Word 2016.

*/s/ Bradley G. Silverman*
BRADLEY G. SILVERMAN
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, this 21st day of June, 2023, I caused a copy of the

foregoing to be served on Appellant by this Court's electronic filing system.

*/s/ Bradley G. Silverman*
BRADLEY G. SILVERMAN
Assistant United States Attorney