UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

OCT 1 8 2023

RECEIVED

SUBMISSION WITHOUT ORAL ARGUMENT

**No. 22-5273**

---

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE DISTRICT Of COLUMBIA CIRCUIT

---

JO SPENCE,

*Plaintiff-Appellant,*

v.

UNITED STATES DEPARTMENT OF VETERANS
AFFAIRS AND DENIS MCDONOUGH, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF THE UNITED STATES
DEPARTMENT OF VETERANS AFFAIRS,

*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the District of Columbia, No. 19-1947 (JEB)

---

### REPLY BRIEF FOR PLAINTIFF-APPELLANT

---

Jo Spence, *pro se*
710 Belmont Bay Drive
Woodbridge, VA  22191
jodspence@gmail.com
(571) 288-6092

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………...……….....…..i

GLOSSARY OF ABBREVIATIONS…………………………...…………….iii

INTRODUCTION……………………………………………….…..…1

JURISDICTIONAL STATEMENT……………………………...……….2

ISSUES PRESENTED…………………………………………...…..2

STATUTORY AND REGULATORY PROVISIONS………………..….…4

STATEMENT OF THE CASE………………………………………..4

STANDARD FOR REVIEW…………………………………………6

SUMMARY OF ARGUMENT…………………………………….…7

ARGUMENT………………………………………………...…..9

CONCLUSION……………………………………………………31

CERTIFICATE OF COMPLIANCE…………………………………32

CERTIFICATE OF SERVICE…………………………………….…33

ADDENDUM:

    STATUTES AND REGULATIONS………………………………..i

    TABLE OF CONTENTS……………………………………....…ii

# TABLE OF AUTHORITIES

**Cases**

*Farrar v. Nelson*, 2 F.4th 986, 988 (D.C. Cir. 2021)..................................................6

*Rudder v. Williams,* 666 F.3d 790, 794 (D.C. Cir. 2012)..........................................6

*McKinley v. Bd. of Gvn'rs of the Fed. Reserve Sys.*, No. 10-5353, 2011 WL 2162896 (D.C. Cir. 2011)..........................................................................................6

*Roth v. DOJ*, 642 F.3d 1161 (D.C. Cir. 2011)...........................................................6

*Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 142 (D.C. Cir. 2015)..........11

*Macleod v. Georgetown University Medical Center*, 736 A.2d 974 (D.C. 1989)....12

*Moore v. Agency for Int'l Dev.*, 301 U.S. App. D.C. 327, 329, 994 F.2d 874, 876 (1993)....................................................................................................................12

*Love v. Pullman Co.*, 404 U.S 522, 527 (1972) …………………………..……12

*Coles v. Penny*, 174 U.S. App. DC 277, 283, 531 F.2d 609, 615 (1976)................12

*Rubin v. O'Koren*, 621 F.2d 114, 117 (5th Cir. 1980)..............................................13

*Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1952)...........13

*Redwood v. Council of the Dist. of Columbia*, 679 F.2d 931, 933 (D.C. Cir. 1982)..……………………………………………………………………………13

*Wyant v. Crittendon*, 113 F.2d 170, 175 (D.C. Cir. 1940).......................................13

*Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019)...............................................15

*Gerlich v. Department of Justice*, 711 F.3d at 173 (D.C. Cir. 2013)........................16

*Davis v. Pension Benefit Guar. Corp.*, 734 F.3d 1161, 1167 (D.C. Cir. 2013)........16

*Jiggetts v. District of Columbia,* 319 F.R.D. 408, 413 (D.D.C. 2017)....................26

*Cooper v. District of Columbia,* No. 17-7201, 217 WL 5664737 (D.C. Cir. Nov. 1, 2017)....................................................................................................................................26

*Union v. Johnson,* 353 F.3d 1013, 1022 (D.C. Cir. 2004).........................................30

## Statutes and Regulations

Fed. R. Civ. P. 8…...........................................................................................3, 9, 26

Fed. R. Civ. P. 8(a)(2)..........................................................................................29, 31

Fed. R. Civ. P. 8(d)(1) ........................................................................................29, 31

Fed. R. Civ. P. 12(b)(6)…………………………..……………...…. 2, 3, 6, 9, 7, 10

Fed. R. Civ. P. 56....................................................................................................6

Fed. R. Civ. P. 56(a)..............................................................................................22

5 U.S.C. 2302(b)(4).................................................................................................23

5  U.S.C. 2302(b)(6)................................................................................................23

38 U.S.C. 714(e)................................................................................................24, 25

# GLOSSARY OF ABBREVIATIONS

**EEO**       Equal Employment Opportunity

**MSPB**      Merit Systems Protection Board

**OAWP**      Office of Accountability and Whistleblower Protection

**ORM**      Office of Resolution Management

**OSC**      Office of Special Counsel

**WPA**      Whistleblower Protection Act

**VA**      Department of Veterans Affairs

## INTRODUCTION

Citing D.C. Circuit case law in its Memorandum Opinion, the district court acknowledged its obligation to construe Spence's Amended Complaint especially liberally due to her *pro se* status, to include consideration of documents attached to her complaint, matters of which the court may take judicial notice, and the facts set forth in Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss and for Summary Judgment. ("Opposition Memo")  Instead of extending these required considerations to its evaluation of the sufficiency of Spence's Amended Complaint in light of the VA's motion to dismiss, the district court erroneously determined that Spence was not entitled to these considerations due to her attorney status and her "flagrant disregard" for the limits imposed by the district court which according to the district court, did not merit its further leniency.

As a *pro se* litigant, Spence was entitled to have the district court construe Spence's Amended Complaint in her favor and grant her the benefit of all inferences that may be derived from the facts alleged not only in her Amended Complaint, but in her Opposition Memo and the exhibits attached to it which Spence requested the district court to take judicial notice of.  Because this case

involves allegations of civil rights violations and defective pleadings, special consideration and greater liberality were warranted.  Instead of providing the required special consideration and treatment with greater liberality, the district court granted the VA's motion to dismiss Counts I - V of Spence's Amended Complaint with prejudice and granted summary judgment for the VA on Count VI.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this timely appeal  from a final judgment in the U.S. District Court for the District of Columbia under 28 U.S.C. section 1291.  The District Court exercised jurisdiction over the case under 28 U.S.C. section 1331 (federal question or statute), 5 U.S.C. section 7702 (actions involving discrimination), and 5 U.S. C. section 7703 (mixed cases).

## STATEMENT OF ISSUES

(1)  Whether the district court's refusal to consider Spence's Opposition Memo and take judicial notice of her attached exhibits in its evaluation of the sufficiency of Spence's Amended Complaint under Fed. R. Civ. P. 12(b)(6) was in error;

(2)  Whether the district court's findings that Spence incorporated external documents by reference in her Opposition Memo and violated the 45-page limit on briefs were in error;

2

(3)  Whether the district court's finding for Counts I and II that Spence's termination was the only adverse employment action she suffered was in error.

(4)  Whether the district court's finding for Count I that Spence did not plead a causal connection between her termination and her EEO complaint was in error;

(5)  Whether the district court's finding for Count II that Spence never specified the dates on which she made whistleblower disclosures between 2017 and 2018 and offered no facts that would support a plausible inference of causation between the disclosures and Spence's termination was in error;

(6) Whether the district court's dismissal of Count III: Hostile Work Environment under Rule 12(b)(6) was in error; [1]

(7)  Whether the district court's finding that Spence failed to plead any facts that supported her allegations of wrongdoing under Count IV was in error;

(8)  Whether the district court's conclusion that the MSPB's decision on Count V was based on substantial evidence was in error;

(10) Whether the district court's finding that Count VI of Spence's Amended Complaint failed to comply with Fed. R. Civ. P. 8 was in error; and

---

[1]In Spence's Opposition Memo, she conceded that "Plaintiff's work environment fails to meet the 'demanding standards for a hostile work environment claim." App. 177.  Therefore, this brief includes no argument on this issue which is only presented as an issue here because the district court ruled upon it.

3

(11)  Whether the district court's dismissal of Spence's case with prejudice was

an abuse of the district court's discretion.

## STATUTES AND REGULATIONS

The relevant statutory provisions are in the Addendum.

## STATEMENT OF THE CASE

### I. Factual Background

#### A.  Merit Systems Protection Board Appeal ("MSPB")

After 11 years as Senior Attorney for the VA, Spence was removed on

October 30, 2018 for alleged failure to perform.  Spence appealed her removal to

the MSPB which upheld the removal in a decision that became final on May 31,

2019.  App. 1.

#### B.  District Court Proceedings

On June 28, 2019, Spence filed suit against the VA.  App. 51, ECF No. 1.

The VA filed a Motion for Summary Judgment on June 4, 2021.  App. 48, ECF

No. 20.  On July 27, 2021, Spence filed Motion for Leave to File an Amended

Complaint to add Count VI and a 234-page proposed Amended Complaint.  App.

47, ECF No. 22.  Spence's motion was denied without prejudice on July 30, 2021

and the district court imposed a 50-page limit. App. 47, ECF Minute Order. Spence

4

filed a timely second Motion for Leave to File an Amended Complaint on August

31, 2021 and a 148-page Amended Complaint which included the original 98-page

Complaint plus 50 pages for Count VI.  App. 47, ECF No. 23.  Spence's Motion

was denied without prejudice on September 2, 2021 "for violating the Court's

Minute Order of July 30, 2021, which limited her Amended Complaint to 50

pages."  App. 47, ECF Minute Order.  Spence filed a timely third Motion for Leave

to File an Amended Complaint and a 50-page Amended Complaint with three

MSPB submissions attached as exhibits A, B and C intended for background

information on September 16, 2021.  App. 47, ECF No. 24.  Spence's Motion was

granted on October 27, 2021.  App. 46, ECF Minute Order.

On February 2, 2022, the VA filed a Motion to Dismiss for Repeated

Violations of This Court's Order and Rule 8.  App. 52.  Spence filed a

memorandum in opposition on March 23, 2022.  App. 62.  On March 30, 2022, the

district court erroneously concluded that Spence's third proposed Amended

Complaint incorporated by reference a 57-page "Statement of Facts" [Exhibit A]

which rendered her "Third Proposed Amended Complaint 107 pages in length."

App. 82.  On April 12, 2022, Spence filed a timely fourth Motion for Leave to

File an Amended Complaint and a 50-page Amended Complaint  (App. 84)

which was accepted by the court on April 14, 2022.  App. 45, ECF Minute Order.

On May 25, 2022, the VA filed a Motion to Dismiss and for Summary Judgment.  App. 144.  Spence filed her Opposition Memo on June 29, 2022.  App. 169.  The VA filed a reply on July 12, 2022.  App. 210.  On August 12, 2022, the district court issued a Memorandum Opinion granting the VA's Motion to Dismiss with prejudice as to Counts I, II, III, IV, and VI and granting summary judgment for the VA on Count V.  App. 221.  On October 11, 2022, Spence filed a Notice of Appeal to the U.S. Court of Appeals for the D.C. Circuit.  App. 247.  On May 19, 2023, Spence filed a "Brief for Plaintiff-Appellant."  On June 21, 2023, the "Brief of Appellees" was filed.

## STANDARD OF REVIEW

The District Court's ruling on the VA's motions to dismiss under Fed. R. Civ. P. 12(b)(6) and for summary judgment under Fed. R. Civ. P. 56 are reviewed by this Court *de novo.  See Farrar v. Nelson*, 2 F.4th 986, 988 (D.C. Cir. 2021), *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012), *McKinley v. Bd. of Gvn'rs of the Fed. Reserve Sys.*, No. 10-5353, 2011 WL 2162896 (D.C. Cir. 2011), *Roth v. DOJ*, 642 F.3d 1161 (D.C. Cir. 2011).

## SUMMARY OF ARGUMENT

The district court erred in refusing to consider Spence's Opposition Memo and take judicial notice of the attached exhibits in its Fed. R. Civ. P. 12(b)(6) evaluation of Spence's Amended Complaint. Because this case involves alleged pleading defects and numerous allegations of civil rights violations, special consideration and treatment with greater liberality were warranted.

The district court erred in concluding that Spence attempted to incorporate external documents into her Opposition Memo which violated the 45-page limit for briefs. Spence did not attempt to incorporate external documents in her Opposition Memo by reference and did not give the district court direct or explicit notice that she intended to incorporate by reference any portion of the exhibits.

The district court erred in finding that Spence's termination was the only adverse employment action. Spence's termination was not the only adverse employment action. She also suffered a reduction in workload, change in duties, a reduced performance evaluation that led to her termination, denial of a performance award, a three-day suspension, denial of three days pay, diminished prospects for career advancement, and loss of employment privileges.

The district court erred in finding that Spence did not adequately plead a

7

causal connection between her termination and her EEO complaint.  Spence did

adequately plead a causal connection between her termination and her EEO

complaint. The district incorrectly presumed that Spence's last EEO activity

occurred one year prior to her termination when, in fact, it occurred one month

prior to her termination.

The district erred in finding that Spence pleaded no facts that supported a

plausible inference of causation between her whistleblower disclosures and her

termination.  Spence did plead such facts.  The district court, however, refused to

take judicial notice of the exhibit attached to Spence's Opposition Memo which

contained the dates and relevant facts needed to make an inference of causation.

This failure by the district court was erroneous.  As previously stated, this case is a

mixed case involving civil rights violations and alleged defective pleadings which

warranted special consideration and treatment with greater liberality.

The district court erred in finding that Spence pleaded no facts that

supported her Count IV allegations.  Spence did plead such facts.  The district

court incorrectly inferred that she may have meant to argue that discriminatory

motives in connection with Count IV.  This was not Spence's intent.

The district court erred in concluding that the MSPB's decision that the VA

8

obtained the required approval of the Office of Special Counsel (OSC) before terminating Spence was based on substantial evidence. To the contrary, the record clearly shows the VA terminated Spence without obtaining the OSC's approval.

The district court erred in finding that Count VI of Spence's Amended Complaint was not compliant with Fed. R. Civ. P. 8. Count VI was compliant. The allegations which were not disorganized or convoluted, as claimed contained relevant facts and followed the chronology of MSPB's findings and conclusions.

The district court abused its discretion by dismissing Spence's case with prejudice. After imposing a severe 50-page limit on Spence's Amended Complaint, the district court had no sufficient reason to deny Spence further leave to amend should such leave be necessary. There was no undue delay, bad faith or dilatory motive. There was no willful failure to cure deficiencies by prior amendments. Spence did not incorporate exhibits by reference in her Amended Complaint or in her Opposition Memo. Thus, there were no extreme circumstances that warranted the district court's dismissal of Spence's case with prejudice.

**ARGUMENT**

**I.    The District Court Erred in its Refusal to Consider Spence's**

**Opposition Memo and Attached Exhibits in its Evaluation of Her Amended Complaint under Fed. R. Civ. P. 12(b)(6).**

The VA argues that "the district court acted within its discretion in confining its analysis to the contents of [S]pence's Amended Complaint in resolving the Rule 12(b)(6) motion." Appellees' Br. 16.  The VA maintains that "by confining its analysis to the body of the amended complaint in resolving the Rule 12(b)(6) motion, the district court reasonably declined to give effect to the latest of Spence's repeated violations of orders limiting the length of her pleadings…"  Appellees' Br. 16.  As justification for its argument, the VA relies on fabricated claims of "Spence's repeated violations of orders limiting the length of her pleading" when no such violations occurred.  Appellee's Br. 16.  As explained in Appellant's brief, "There was no undue delay, bad faith or dilatory motive.  There was no bad faith or willful failure to cure deficiencies by amendments previously allowed.  There were no attempts by Spence to circumvent the court's page limit… Spence drastically reduced her Amended Complaint and Count VI in particular to ensure compliance with the district court's 50-page limit… *See* Appellant's Br.  29.  *See also* Appellant's Br. 13-14, 26-27.  Appellees' claims that Spence engaged in "gamesmanship to circumvent procedural rules" and "relied on materials outside

her pleadings to evade 'the page limits set by' the district court," are not supported by the record evidence and are wholly without merit. *See* Appellees' Br. 20.

### A. Brown Is Applicable to Spence, A *Pro Se* Litigant.

Quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015), the VA acknowledges that a district court must "consider a pro se litigant's complaint in light of all filings, including filings responsive to a motion to dismiss." Appellees' Br. 19. The VA argues, however, that *Brown* is not applicable to Spence because of her alleged violations. Appellees' Br. 19. The VA further argues that the additional latitude that a court would normally give to *pro se* litigants is also not available "for attorneys like Spence, who have 'formal legal training' and 'extensive litigation experience." Appellees' Br. 19.

Spence's entire career as an attorney was spent working for the Federal Government. Spence has never entered her appearance in any court case on behalf of the Federal Government. As Appellees are fully aware, this role is reserved for Department of Justice attorneys. Thus, Spence should not be deprived of fair and equal application of law merely because she is a *pro se* litigant who also happens to be an attorney.

Acknowledging that the district court did deprive Spence of the benefits of *pro se* treatment, but not entirely, the VA argues that such deprivation is permissible because it was "in the manner and to the degree that her [Spence's] repeated violations" of the district court's orders merited.  Appellees' Br. 20.  The VA also asserts that "Spence's argument that pro se civil rights claims 'must be treated with greater liberality,' Br. at 11, is incorrect" and "Spence's reliance on *MacLeod v. Georgetown University Medical Center,* 736 A.2d 977, 981 (D.C. 1999) for a contrary argument is misplaced…"  Appellees' Br. 21.

Contrary to the VA's mischaracterization of Spence's argument, Appellant's brief states that the district court in *Macleod* held, "A second category of cases in which courts may grant leeway to *pro se* litigants are those involving civil rights." Appellant's Br. 11.  The district court in *Macleod* cited D.C. Circuit case *Moore v. Agency for Int'l Dev.,* 301 U.S. App. DC 327, 329, 994 F.2d 874, 876 (1993) in its opinion and explained that "*Moore* dealt with, among other things, a civil rights claim… an area we have already noted may be treated with greater liberality." Appellant's Br. 11.  *See also Love v. Pullman Co.,* 404 U.S. 522, 527 (1972) ("Procedural technicalities are particularly inappropriate in such a statutory scheme"); *Coles v. Penny,* 174 U.S. App. D.C. 277, 283, 531 F.2d 609, 615

(1976); *Rubin v. O'Koren*, 621 F.2d 114, 117 (5th Cir. 1980).   As stated in *Moore,*

301 U.S. App. D.C. 327, 329, 994 F.2d 874, 876 (1993), "Pro se litigants are

allowed more latitude than litigants represented by counsel to correct defects in

service of process and pleadings." *See* Haines v. Kerner, 404 U.S. 519, 520, 92

S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) and *Redwood v. Council of the Dist. of*

*Columbia*, 679 F.2d 931, 933 (D.C. Cir. 1982).   The D.C. Circuit also held

in *Moore* that leave to amend a complaint shall be freely given when justice so

desires." *See also Wyant v. Crittenden*, 113 F.2d 170, 175 (D.C. Cir. 1940).

## B.  The District Court's Failure to Take Judicial Notice of the Exhibits Attached to Spence's Opposition Memo Violated Fed. R. Evid. 201.

The VA argues "the district court acted within its discretion in declining to

take judicial notice of materials beyond Spence's pleadings in resolving the Rule

12(b)(6) motion."  Appellee's Br. 22.  The VA alleges that taking judicial notice of

matters beyond Spence's pleadings "would have given effect to her latest

violation" of the district court's orders limiting the length of Spence's pleadings.

Appellees' Br. at 22.

Appellant's brief states, "The district court's failure to take judicial notice of

Spence's exhibits violated Fed. R. Evid. 201(c)(2) which states the court 'must

take judicial notice if a party requests it and the court is supplied with the

necessary information.'"  Appellant's Br. 12.  Spence requested that the court take

judicial notice of her affidavit and other exhibits submitted with her Opposition

Memo."  Appellant's Br. 12.  Contrary to the VA's claim that Spence's alleged

violations of the district court's page limit requirements preclude application of

judicial notice to matters beyond Spence's pleadings, Fed. R. Evid. 201(c)(2)

contains no such limit on the application of judicial notice.  The drafters of this

rule made it very clear that a court "must take judicial notice if a party requests it

and the court is supplied with the necessary information."  Spence not only

requested that the district court take judicial notice of the materials submitted with

her Opposition Memo, she supplied the district court with the necessary

information.

 Nowhere in the VA's argument on judicial notice or anywhere else

in Appellees' brief does the VA address or deny Spence's claim that the district

court's failure to take judicial notice of the exhibits attached to Spence's

Opposition Memo violated Fed R. Evid. 201(c)(2).  Instead, the VA relies upon

court decisions from the 4th, 6th and 10th Circuits to show the limits for use of

judicial notice.  *See* Appellees' Br. 22.  By its omission, the VA concedes the

district court violated Fed. R. Evid. 201(c)(2) when it failed to take judicial notice of materials beyond Spence's pleadings.

## II.    Spence's Opposition Memo Did Not Violate the Brief Page Limit.

The VA argues that Spence attempted to circumvent the district court's orders imposing page limits on her pleadings when she "directed the district court to 129 pages of exhibits attached to her response which she assured it would supply the missing allegations necessary to allege her claims plausibly." Appellees' Br. 17. To support its unfounded claim that Spence's 129-page submission was an "attempt to evade," the VA relied upon *Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) ("rejecting an 'attempt to evade [a procedural] rule by incorporating by referencing an argument made at an earlier stage of the litigation…") Appellee's Br. 18.

This is not a case of "one size fits all," as *Al-Tamimi* is clearly distinguishable from the instant case. The defendants in *Al-Tamimi* argued that "the plaintiffs forfeited their challenge to the district court's political question holding by improperly incorporating their argument at a preliminary stage of their appeal into their pending merits brief." *Id.* Although the court cited *Gerlich v. Department of Justice*, 711 F.3d at 173 (D.C. Cir. 2013) for the

15

proposition that "incorporation by reference can be used to evade word limits,"

The court found the plaintiff's incorporation by reference unobjectionable. *Id.*

Unlike the *Al-Tamimi* case, the facts in the case at hand do not show that

Spence made any attempt to either incorporate an earlier argument into an appeal

brief or that she attempted to incorporate by reference materials outside of her

pleadings in order to evade word limits or the district court's page limits.

The VA also cited *Davis v. Pension Benefit Guar. Corp.*, 734 F.3d 1161,

1167 (D.C. Cir. 2013) which is distinguishable from the instant case. Appellees'

Br. at 18. *Davis* involved an appeal by 1,700 retired U.S. Airways pilots of the

district court's ruling granting summary judgment to the Pension Benefit Guaranty

Corporation on all but one of their pension benefit claims. The pilots appealed

nine of the claims contained in their second amended complaint but only provided

argument in support of five claims. The court held, "The Pilots may not attempt to

do so by incorporating argument presented in the district court… as this would

circumvent the court's rules regarding the length of briefs." *Id.* Unlike the

plaintiffs in *Davis*, Spence did not attempt to circumvent any rule or order of the

district court by incorporating argument from a lower court ruling.

Pursuant to Fed. R. Evid. 201(c)(2), Spence requested that the district court

take judicial notice of her VA Office of Resolution Management (ORM) affidavit and the other exhibits submitted with her Opposition Memo.  *See* Appellant's Br. 12.  The VA's claim that Spence attempted to circumvent the district court's orders imposing page limits on Spence's pleadings is unfounded and without merit. Further, the district court's failure to take judicial notice of Spence's exhibits violated Fed. R. Evid. 201(c)(2).  *See* Appellant's Br. 12.

## III.    Spence's Termination was not the Only Adverse Employment Action.

The VA argues that Spence "forfeits any challenge to the dismissal of her discrimination claims."  Appellees' Br. 25.  The VA further argues that Spence did not "plausibly allege a Title VII or ADEA retaliation claim."  Appellees' Br.  27. Contrary to the VA's claims, Spence did not forfeit any challenge to her discrimination claims and did plausibly allege both a Title VII and ADEA retaliation claim.  Spence also requested that this court reverse the district court's dismissal of Spence's discrimination and retaliation claims for the reasons set forth in Appellant's brief.

As stated in Appellant's brief, the district court found that "the myriad [of] employment actions about which Spence complains… do not qualify as materially false… The only action that is plainly adverse is her termination."

Appellant's Br. 14.  In response, Spence stated, "Appellant's Statement of

Affirmative Defenses which was submitted to the district court with Spence's

Opposition Memo" identified numerous adverse employment actions suffered by

Spence."  *See* Appellant's Br. 15-16.

Inconsistent with the District Court's finding that the only action that

was adverse was Spence's termination, the VA leaves the door open to the number

of adverse actions Spence suffered by arguing that "Spence did not plausibly allege

that many of the challenged actions were materially adverse."  Appellees' Br. 28.

Looking at only the four corners of Spence's Amended Complaint, the VA argues

that "Spence's threadbare, conclusory allegations regarding the challenged actions

in her amended complaint do not support a plausible inference that the actions here

were materially adverse.  Finally, while Spence points to <u>certain other</u> 'adverse

employment actions' that she ostensibly identified in her response to the

Department's motion to dismiss and the exhibits thereto, Br. at 14-16, the district

court acted within its discretion, as explained, in confining its analysis to the

contents of her pleadings."  Appellees' Br. 31-32.

Once again, the VA ignores Fed. R. Evid. 201(c)(2) which states the court

"<u>must</u> take judicial notice if a party requests it and the court is supplied with the

18

necessary information."  As stated previously in this document, the VA does not

deny Spence's claim that the district court's failure to take judicial notice of the

exhibits attached to Spence's Opposition Memo violated Fed. R. Evid. 201.  In

addition, the VA does not deny that Spence requested that the district court take

judicial notice of the "certain other adverse employment actions" and other

exhibits identified in Spence's Opposition Memo or that Spence supplied the

district court with the "necessary information," as required by Fed. R. Evid.

201(c)(2).  Instead, the VA elects in its argument to overlook the district court's

noncompliance with the Federal Rules of Evidence, in favor of a more self-serving

narrative which affords the district court discretion to confine its analysis to the

contents of Spence's pleadings.  The Federal Rules of Evidence do not afford the

courts such discretion when the requirements of Fed. R. Evid. 201(c)(2) are met.

   The district court in the instant case was required to take judicial notice of

Spence's ORM affidavit and other exhibits attached to Spence's Opposition Memo.

The district court's failure to do so was a clear violation of Fed. R. Evid. 201(c)(2).

As stated in Appellant's brief, special consideration and treatment with greater

liberality were also warranted because this case involves numerous claims of civil

rights violations and allegations of defective pleadings.  Appellant's Br. 16.

IV.    **Spence Pleaded a Causal Connection Between Her Termination and Her EEO Complaint.**

Because the district court failed to take judicial notice of the materials Spence submitted with her Opposition Memo and limited its analysis to the contents of Spence's pleadings, the VA argues that Spence pleads no facts in her amended complaint to support a plausible inference that her November 6, 2017 EEO complaint caused her removal and that she did not plausibly allege that any protected activity caused her removal.  *See* Appellees' Br. 32-33.  The VA further argues that "the over-ten-month gap between Spence's protected activity and proposed removal is far too long to support a plausible inference of causation." Appellees' Br. 33.

Contrary to the VA's claim, Spence does dispute this point and points out as she did in Appellant's brief that there were numerous amendments to Spence's original complaint and that the EEO events leading up to Spence's termination not only show a causal connection between those events and her termination, they also show a pattern of discrimination and retaliation for nearly one year.  Appellant's Br. 17.

Choosing again to ignore the language in Fed. R. Evid. 201(c)(2) that

required the district court to take judicial notice of the materials Spence submitted

with her Opposition Memo, the VA incorrectly argues that "the district court acted

within its discretion in confining its analysis to the contents of Spence's

pleadings." Appellees' Br. at 33. The VA also incorrectly states that the latest

protected activity occurred on May 30, 2018, "over three months before her

proposed removal on September 11, 2018." Appellees' Br. 33. The latest

protected activity prior to Spence's proposed removal did not occur on May 30,

2018, as claimed by the VA. The latest protected activity occurred on June 12,

2018. *See* App. 94.

## V.    Spence Offered Facts that Supported a Plausible Inference of Causation Between Her Whistleblower Disclosures and Her Termination.

The VA argues that "the district court correctly concluded that Spence did

not state a plausible Whistleblower Act claim. Appellees' Br. at 34. The VA also

argues that "Spence did not plausibly allege that she engaged in any protected

activity, or that such activity was a contributing factor to her removal." Appellees'

Br. 34. The VA's arguments are not sustainable. As stated in Appellant's brief,

"Spence requested that the district court take judicial notice of Appellant's

Statement of Affirmative Defenses (Exh. B) and Appellant's Response to MSPB

Order Dated October 23, 2019 (Exh. H) which contained the dates and relevant facts needed to make an inference of causation. App. 196." Appellant's Br. at 18.

The VA does not deny that the district court failed to comply with Fed. R. Evid. 201(c)(2) when it decided not to take judicial notice of Spence's materials. In fact, the VA does not acknowledge Fed. R. Evid. 201(c)(2) or make any attempt to challenge Spence's claim that the district court violated it. Rather, the VA merely looks the other way because doing so apparently serves its purpose and supports the VA's otherwise unsupported claims that Spence did not plausibly allege that she engaged in any protected activity. Given the VA's omission and failure to address the district court's noncompliance with Fed. R. Evid. 201(c)(2) in its brief, it can be said that the VA concedes that the district court did not comply with the requirements of Fed. R. Evid. 201(c)(2) when it failed to take judicial notice of Spence's materials.

## VI.   Spence Pleaded Facts That Supported Her Count IV Allegations.

The VA argues that "Spence did not plausibly allege that she engaged in protected activity. While she alleged that the Department retaliated against her for disclosing 'that attorneys from the [Army] were unlawfully hired as GS-15 trial attorneys'... she failed to explain how such hirings violated any law… and she did

22

not specify the laws, rules, or regulations that the hirings ostensibly violated…
Appellees' Br. 35.  The VA went a step further and called Spence's alleged
violations "bald assertions."  *See* Appellees' Br. 35.

Contrary to the VA's claims, Appellant's brief states "that attorneys who
previously worked for Mr. Fleck were improperly hired by him as full-time
GS-15 trial attorneys and that the attorneys were performing the same work as the
GS-14 attorneys… the GS-15 attorneys hired were granted preferences or
advantages not authorized by law… and Spence was deceived by the description
provided for the trial attorney vacancies."  Appellant's Br. 19.  The laws Spence
alleged to have been violated are identified in Appellant's brief as 5 U.S.C.
2302(b)(4) and (b)(6).  *See* Appellant's Br. 19.  Thus, the VA's claims are
unfounded and without merit.

**VII.    The MSPB's Decision was Not Based on Substantial Evidence.**

**A.  VA's Failure to Obtain Approval from the OSC Violated the WPA.**

The VA argues that "substantial evidence supports the MSPB's finding
that the Special Counsel had approved Spence's removal."  Appellees' Br.  23.
The VA's argument is based on two events it claims occurred between October 2,
2018 and October 24, 2018.  *See* Appellees' Br.  23.

The first event allegedly involved an unidentified "Senior Advisor" with the

VA's Office of Accountability and Whistleblower Protection (OAWP) who

allegedly informed an unidentified "Department attorney" on October 2, 2018 that

an inquiry about Spence remained open with the Special Counsel.  Appellees' Br.

23.  Contrary to what the VA now claims, the VA's Motion to Dismiss and for

Summary Judgment dated May 25, 2022 states, "On October 2, 2018, an employee

in VA's Office of Accountability and Whistleblower Protection sent an email to

certain other VA employees informing them '[t]he inquiry remains open with

OSC."  App. 163.  The second event allegedly occurred 22 days later on October

24, 2018 when the unidentified Senior Advisor allegedly wrote, "[t]he inquiry is

complete.  Neither [the Special Counsel] nor [his office] will continue to hold the

action proposed under 714.  The proposal is clear to proceed…. there are no

further impediments under 714(e)." Appellees' Br. 23.

    With nothing more than its claim that two events occurred that allegedly

involved an OSC inquiry and responses from the OAWP, the VA makes the very

weak argument that "this sequence of events furnishes substantial evidence that the

Special Counsel approved Spence's removal."  Appellees' Br.  23.  Not only are

the VA's accounts of who received the alleged communications from OAWP

24

conflicting, neither of the communications referenced in the VA's motion to dismiss and for summary judgment included Spence's name or any indication that Spence was the subject of either communication. *See* App. 163. Thus, there was no way to tell whether Spence or someone else was the subject of those communications. For purposes of this appeal, however, the VA added Spence's name as the subject of the event that allegedly occurred on October 2, 2018 which involved a verbal communication between an unidentified employee from OAWP and another unidentified VA employee.

**B.  Summary Judgment for the VA on Count V Was Not Appropriate.**

Contrary to the VA's claim, the alleged sequence of events which includes an unsubstantiated claim of a verbal communication that reportedly transpired between two unidentified VA employees, does not furnish substantial evidence or circumstantial evidence that shows the Special Counsel approved Spence's removal. As stated in Appellant's brief, "The record is devoid of any communications from the OSC which show that the OSC gave the VA approval to proceed with Spence's termination. Appellant's Br. 21. Spence pointed out in her Opposition Memo that "a single communication sent by OSC to VA showing that OSC gave VA approval to proceed with Plaintiff's termination would have

25

sufficed.  In this instance, however, absolutely no evidence showing such approval

by OSC was proffered, let alone a scintilla of evidence." App. 203.  The district

court's grant of summary judgment for the VA was erroneous.

**VIII.  Spence's Amended Complaint Is Compliant with Fed. R. Civ. P 8.**

The VA argues that Spence's pleading does not provide "a short and plain

statement" showing that she is entitled to relief.  Appellees' Br. 40  The VA further

argues that Spence's pleading is not "simple, concise, and direct," as required by

Fed. R. Civ. P. 8(a)(2),(d)(1).  Appellees' Br. 40.  To support its arguments, the VA

quoted language from *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413

(D.D.C. 2017), *aff'd sub nom.  Cooper v. District of Columbia*, No. 17-7021,

2017 WL 5664737 (D.C. Cir. Nov. 1, 2017)  stating that "a complaint that is

excessively long, rambling, disjointed, incoherent, or full of irrelevant and

confusing material will patently fail [Rule 8's] standard, and so will a complaint

that contains an untidy assortment of claims that are neither plainly nor concisely

stated, nor meaningfully distinguished from bold conclusions, sharp harangues and

personal comments."[2]  Appellees' Br. 40.

---

[2] It did not go unnoticed that this is the only case cited by the VA that includes the name of the judge who is of the same race and sex as Spence.  What was to be gained by identifying the judge is unclear.  The fact that the judge is an African American female who was subsequently appointed to the U.S. Supreme Court does not give *Jiggett*s any more relevance or weight, as it is distinguishable from the case at hand.

*Jiggetts* is distinguishable from the instant case.  The plaintiffs in *Jiggetts* filed a Fourth Amended Complaint.  Defendants in that case argued that the plaintiffs' pleading should be dismissed for failure to comply with Fed. R. Civ. P. 8.  The court noted that the plaintiffs had been granted several opportunities to produce a complaint that satisfied Rule 8's pleading and notice requirements.  In granting the defendants' motion to dismiss, the court held that the plaintiffs had five opportunities to produce a complaint that satisfied Fed. R. Civ. P. 8(a) and (d)(1) and that the Fourth Amended Complaint violated Rule 8 in at least three respects:  "(1) It is unnecessarily detailed and lengthy; (2) it contains irrelevant and confusing material; and (3) it lacks sufficient clarity to give fair notice of the claims raised and their bases." *Jiggetts*, 319 F.R.D. 408, 413 (D.D.C. 2017).

Unlike the plaintiffs' amended complaint in *Jiggetts*, Spence's Amended Complaint satisfied Rule 8's pleading and notice requirements.  It was limited to 50 pages.  Therefore, it cannot be said that it was unnecessarily detailed or lengthy.  It was not rambling, disjointed, incoherent, or full of irrelevant and confusing material.  Further, Spence's Amended Complaint does not contain an "untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments"

which according to *Jiggetts*, are hallmarks of failure under Rule 8's standards.

This is a case of the VA finding a shoe, *Jiggetts*, and then trying to make it fit the instant case by claiming that Spence's pleading "was a sprawling, unfocused odyssey spanning forty-one pages and 167 paragraphs" which contained allegations of a "disorganized and convoluted nature." Appellees' Br. 40-41 Likening Spence's pleadings to those that are "prolix and unwieldy," the VA argues that "Spence's challenge to the MSPB decision 'require[d] great perspicacity to construe'… it began *in media res*, presented facts out of chronological order, and presumed an unreasonable degree of familiarity with them." Appellees' Br. at 40-41.

Contrary to what the VA is now claiming, VA's counsel previously stated in a motion filed with the district court, "Plaintiff's Count VI is over 40 pages and includes several detailed factual challenges to the [MSPB] administrative judge's decision…" *See* Appellant's Br. 24. There was no mention at that time that Spence's challenge to the MSPB decision was prolix and unwieldy, it required great perspicacity to construe, the facts were out of chronological order, or that counsel did not have an opportunity to become familiar with the contents of Spence's pleadings.

In an obvious attempt to control the length and content of Spence's challenge to the MSPB's decision, the VA argues that "she [Spence] plainly did not need forty-one pages and 167 paragraphs to state a plausible challenge to the MSPB's affirmance of her removal…" Appellees' Br. at 41. Although the VA has maintained throughout its arguments that Spence failed to state a plausible claim for relief, here the VA appears to reject Spence's efforts to state a plausible claim for relief by pointing out that Spence made a "cluster of argument to the collective effect that she [Spence] had to plead as much as she did to state a plausible claim to relief." Appellees' Br. 41. Contrary to the VA's claims, Spence's challenge to the MSPB decision did not violate Fed. R. Civ. P. 8(a)(2) or 8(d)(1).

## IX. Dismissal of Counts I-IV of Spence's Amended Complaint with Prejudice Was an Abuse of the District Court's Discretion.

The VA argues that "the district court acted well within its discretion in dismissing with prejudice," claiming that "Spence persistently violated the district court's orders despite its 'repeated warnings.'" Appellees' Br. 44. To support its argument, the VA cited *Union v. Johnson*, 353 F. 3d 1013, 1022 (D.C. Cir. 2004), ("a pattern of negligent or willful disregard of court orders" favors dismissal with prejudice). Appellees' Br. 44. *Union* is not applicable to the instant case, as there

was no pattern of negligent or willful disregard of court orders.

Even though Spence's Amended Complaint meets the district court's imposed limit of 50 pages, this is not enough for the VA which continues to complain about its length, the length of Spence's MSPB challenge, and the number of paragraphs contained therein which contain simple, concise and direct allegations, as required. The VA argues that "while she no longer purports to incorporate the fifty-seven-page statement of facts, her amended complaint otherwise is the same length as her most recent prior pleading—fifty pages… And the operative version of her challenge to the MSPB decision is only two pages shorter than the last version—-forty-one versus forty-three pages..." Appellees' Br. at 45.

The VA decries that Spence repeatedly defied the district court's orders and that "after five unsuccessful attempts to plead her claims, there was little reason to believe that Spence would file an adequate pleading on her sixth try." Appellees' Br. 46. The VA's claims are baseless. At no time did Spence defy the district court's orders. Further, while Spence's pleading may not be deemed adequate by the VA's self-serving standards, it is adequate by Rule 8's standards and is compliant with the requirements of Fed. R. Civ. P. 8(a)(2) and 8(d)(1).

Therefore, the district court's dismissal with prejudice under Fed. R. Civ. P. 41(b)

was an abuse of its discretion.

## CONCLUSION

For the foregoing reasons, the District Court's judgment on Counts I-VI

should be reversed and the case remanded for further proceedings.

October 18, 2023                              Respectfully submitted,

Jo Spence, *pro se*
Plaintiff-Appellant
710 Belmont Bay Drive
Woodbridge, VA  22191
jodspence@gmail.com
(571) 288-6092

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify that this brief

complies with the type-volume limitation because it contains 6,441 words,

excluding those parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and D.C. Cir.

R. 32(a)(1).  I further certify that this brief complies with the typeface

requirements of Fed. R. App. P. 32(a)(5) and the typeface style requirements of

Fed. R. App. P. 32(a)(6) because the brief was prepared in 14-point Times New

Roman font using Microsoft Word.

October 18, 2023

Jo Spence, *pro se*
Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I certify that on October 18, 2023, a copy of the foregoing Reply Brief of

Plaintiff-Appellant and Addendum were sent by priority mail to the

following:

Bradley G. Silverman
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the
 District of Columbia
555 4th Street, N.W.
Washington, DC  20530
Email:  bradley.silverman@usdoj.gov

Jo Spence, *pro se*
Plaintiff-Appellant

# **ADDENDUM**

# STATUTES AND REGULATIONS

# TABLE OF CONTENTS

Fed. R. Civ. P. 8(a), (d)...............................................................................................1

Fed. R. Civ. P. 12(b)(6)...............................................................................................2

Fed. R. Civ. P. 41(b)...................................................................................................3

Fed. R. Civ. P. 56…....................................................................................................4

Fed. R. Ev. 201(c)(2)…………………………………………………….……...…5

5 U.S.C. 2302(b)(4), (b)(6).........................................................................................6

38 U.S.C. 714(e)(1).....................................................................................................7

**Fed. R. Civ. P. 8(a), (d)**

**Rule 8. General Rules of Pleading**

**(a)  Claim for Relief.**  A pleading that states a claim for relief must contain:

(1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support,

(2)  a short and plain statement of the claim showing that the pleader is entitled to relief, and

(3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

**(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**

(1) *In General.* Each allegation must be simple, concise, and direct.  No technical form is required.

(2) *Alternative Statements of a Claim or Defense.*  A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) *Inconsistent Claims or Defenses.*  A party may state as many separate claims or defenses as it has regardless of consistency.

**Fed. R. Civ. P. 12(b)(6)**

**Rule 12. Defenses and Objections: when and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing**

**(b) How to Present Defenses.**  Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:

    (1) Lack of subject-matter jurisdiction;

    (2) Lack of personal jurisdiction;

    (3) Improper venue;

    (4) Insufficient process;

    (5) Insufficient service of process;

    **(6)** Failure to state a claim upon which relief can be granted; and

    (7) Failure to join a party under Rule 19.

**Fed. R. Civ. P. 41(b)**

**Rule 41. Dismissal of Actions**

    **(b) Involuntary Dismissal;  Effect.**  <u>If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.</u>  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

**Fed. R. Civ. P. 56(a)**

### Rule 56. Summary Judgment

    **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense—on which summary judgment is sought. <u>The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.</u> The court should state on the record the reasons for granting or denying the motion.

**Fed. R. Evid. 201(c)(2)**

**Rule 201. Judicial Notice of Adjudicative Facts**

**(c) Taking Notice.** The court:

(1) may take judicial notice on its own; or

(2) Must take judicial notice if a party requests it and the court is supplied with the necessary information.

## 5 U.S. Code 2302(b)(4) & (6)

### 5 U.S. Code 2302 - Prohibited personnel practices

**(b)** Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority–

**(4)** deceive or willfully obstruct any person with respect to such person's right to compete for employment;

**(6)** granting preference or advantage not authorized by law rule, or regulation to any employee or applicant for employment (including defining the scope or manner of competition or the requirements for any position) for the purpose of improving or injuring the prospects of any particular person for employment;

**38 U.S. Code 714(e)(1)**

**(e) Whistleblower Protection.**

(1) In the case of a <u>covered individual</u> *seeing corrective action (or on behalf of* whom corrective action is sought) from the Office of Special Counsel based on an alleged prohibited personnel practice described in section 2302(b) of title 5, <u>the Secretary may not remove, demote, or suspend such covered individual</u> <u>under subsection (a) without the approval of the Special Counsel</u> under section 1214(f) of title 5.